FARMER v. WITCHER et al.    (No. 1658.)

(Court of Civil Appeals of Texas. Texarkana. Oct. 26, 1916.)

1. JUSTICES OF THE PEACE ⊚⟿162(1)—JUDGMENTS—EFFECT OF APPEAL.

Although, when an appeal from the justice court to the county court has been perfected, the judgment of the justice court is superseded, and is thereafter unenforceable, if the case be one of which the appellate court cannot take cognizance, or if the appeal was not legally perfected, judgment of the justice court remains undisturbed.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 600, 603; Dec. Dig. ⊚⟿162(1).]

2. APPEAL AND ERROR ⊚⟿934(1)—REVIEW—PRESUMPTIONS.

In the absence of something in the record to the contrary, the court of civil appeals must assume that a judgment of a justice was rendered upon proper grounds.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777, 3780, 3781; Dec. Dig. ⊚⟿934(1).]

3. JUSTICES OF THE PEACE ⊚⟿141(6)—JURISDICTION OF APPEAL.

A judgment of the county court upon the question of its jurisdiction of an appeal from the justice court, although erroneous, is conclusive of that issue until set aside in a proper proceeding.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 476; Dec. Dig. ⊚⟿ 141(6).]

Appeal from District Court, Upshur County; R. M. Smith, Judge.

Suit for injunction by J. M. Farmer against W. E. Witcher and others. From an order of the district judge refusing in vacation a temporary injunction, plaintiff appeals. Affirmed.

Martin & Nelson, of Longview, for appellant. W. E. Witcher and R. L. Wallace, both of Gilmer, for appellees.

HODGES, J. In March, 1916, the appellant, J. M. Farmer, filed his original petition with the district clerk of Upshur county, seeking a writ of injunction restraining the appellee Witcher and one R. L. Wallace, a justice of the peace, from enforcing a judgment theretofore rendered in the justice court of Upshur county. It is alleged, in substance, that on the 13th day of March, 1915, in the justice court of precinct No. 5 of Upshur county W. E. Witcher recovered a judgment against the appellant, Farmer, before R. L. Wallace, a justice of the peace, for the sum of $8 and costs of suit. The judgment also awarded a foreclosure of a lien on a colt valued at $35. It is further alleged that the appellant, J. M. Farmer, appealed to the county court of Upshur county within due time, and in the county court insisted upon a plea of privilege to be sued in precinct No. 1 of Gregg county, Tex.; that the plea of privilege was submitted to the county court at the September term, 1915; that the county judge stated to the parties at that time that he was of the opinion that the plea should be sustained, and that the defendant Farmer and his attorneys need not appear any more in that court; that he would give the attorney for the plaintiff time to show authorities on the proposition, and upon his failure to furnish them he would render judgment sustaining the plea. It is averred that the appellant, relying upon the statements made by the county judge, concluded that the court did make the order at the September term sustaining his plea of privilege, but that on the 28th of February, 1916, without any notice to the appellant, the appeal was dismissed, and an order en-

tered to that effect by the county judge, and also an order directing the issuance of a writ of procedendo to the justice court; that such a writ was issued by the clerk, thereby depriving the appellant of his right to a trial on the issues involved in that case. Then follows a detailed statement of the defenses which the appellant had as a defendant in that suit. It is also alleged that an execution had been issued upon the judgment rendered in the justice court by the justice of the peace, and placed in the hands of the proper officer for the purpose of enforcing the collection of that judgment which it is charged was void. The petition was sworn to in proper form.

This appeal is by Farmer from an order of the district judge refusing in vacation the temporary injunction applied for. No briefs or assignments of error have been filed. Counsel for appellant in an oral argument urged that the judgment of the justice court was void; that it had been superseded and annulled by the appeal, and that a dismissal of the appeal could not revive it; hence the justice of the peace was without authority to issue an execution from his court for the purpose of collecting the amount of the debt.

[1] It is true that when an appeal from the justice court to the county court has been perfected the judgment theretofore rendered in the justice court is superseded and is thereafter unenforceable. Harter et al. v. Curry, 103 S. W. 445, and cases there referred to. Appeals of this character are to be tried de novo, and the appellate court should finally dispose of the controversy. This rule obtains, however, only in those instances where the appellate court acquires jurisdiction through a compliance with all of the essential proceedings required by law, and when the subject-matter is within its judicial cognizance. If the case be one of which the appellate court cannot take cognizance, or if the appeal is not legally perfected, the judgment of the justice court remains undisturbed. Roberts v. McCamant, 70 Tex. 744, 8 S. W. 543; Kingsley v. Schmicker, 60 S. W. 332.

[2, 3] We must determine the question involved in this appeal, solely from the facts stated in the appellant's original petition. He alleges "that J. M. Farmer appealed said cause of action to the county court of Upshur county within due time." That is rather an indefinite statement. He fails to say either that he perfected an appeal or that he took the steps necessary to perfect one. But treating the averment as sufficient, it is further alleged that the county court, dismissed the appeal. No reason for such a dismissal is stated. It may be that it was for lack of jurisdiction. We must assume that when a judgment was rendered it was rendered upon the proper grounds, unless there is something in the record showing the contrary. Conceding that the conclusion of county court upon the question of jurisdiction was erroneous, and that the case should not have been dismissed upon that ground, still the county court had a right to pass upon that question, and its judgment is conclusive of that issue until set aside in a proper proceeding.

The case of Roberts v. McCamant, above referred to, has many features similar to this case. There the effort was to restrain the enforcement of a judgment from a justice court upon the ground that the judgment had been superseded and annulled by an appeal to the county court. In his petition for the injunction the complainant had alleged the facts essential to show that it was an appealable case and that an appeal had been perfected. He also alleged that the appeal was dismissed for want of jurisdiction. An execution was thereafter issued upon the judgment of the justice court. Justice Gaines, in rendering the opinion of the Supreme Court, said:

"It seems to us that Roberts was entitled to his appeal, and he alleges in his petition that it was perfected. But the county court had jurisdiction to determine these questions, and it appears from the petition that it did determine that it did not have jurisdiction of the case and dismissed the appeal on that ground. The judgment of the county court may be erroneous, but it is none the less conclusive until set aside by proper proceedings, and estops the appellant from saying that the case had been properly appealed. It follows, as we think, that the justice was authorized to issue execution for the amount recovered and the costs of his court."

We think what is there said is decisive of the principal issue in this appeal, and the order refusing the temporary injunction will be affirmed.

---

⊙⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes