## LOGUE et al. v. GIBRALTAR SAVINGS & BUILDING ASS'N.

### No. 11597.

Court of Civil Appeals of Texas. Galveston.

Oct. 20, 1943.

Rehearing Denied Nov. 18, 1943.

Pierce E. Holmes and Edgar C. Soule, both of Houston, for appellants.

Edgar Monteith and A. W. Baring, both of Houston, for appellee.

CODY, Justice.

This is an appeal of the ruling of the court dissolving a temporary injunction, and has been advanced for hearing upon the application of appellee.

The following is a shortened or condensed statement of the findings of facts and conclusions of law which, in response to appellants' request therefor, the court filed on September 21, 1943:

1. This is a hearing on an application for a temporary injunction which was issued in an action in the nature of trespass to try title brought by appellee on August 16, 1943, against appellants for the title and possession of the property described in appellee's original petition, to restrain the sheriff of Harris County, etc., from serving a writ of sequestration, and taking possession of the property here involved, unless the same is replevied, according to law.

2. All proceedings leading to the issuance of the writ of sequestration were regular, and same was regularly issued and placed with the sheriff for execution.

3. Appellants are in possession of the property involved under four leases, each having the same terms. Mrs. Logue was tenant of appellee under the leases; Mrs. Davenport is a sub-tenant of Mrs. Logue. Appellants claim no right or title to the property except as tenant and sub-tenant. Said leases provide for their termination on thirty days' written notice. Appellee terminated the four leases by giving the written notice more than thirty days before filing his suit.

4. On June 22, 1943, the Office of Price Administration issued and delivered to appellee four certificates of eviction, covering each of the four rental units covered by the lease agreements, which authorized appellee at the expiration of ten days to pursue its legal remedies to possess the property involved, and appellee gave written notice to the Office of Price Administration and to the appellants that at the end of ten days it would file suit for possession of the property, etc.

5. Appellee has entered into lease agreement with the Government of the United States leasing the property involved to the U. S. Government for a period of seven years, etc. Said leases conform to the Government's National Housing Program, providing living quarters for defense workers.

6. On July 9, 1943, plaintiff filed four forcible detainer suits against appellants, which actions were consolidated and tried as one suit. Upon a trial in the Justice Court, judgment was rendered therein for appellants, which judgment was duly appealed by appellee to the County Court at Law of Harris County by giving of a proper appeal bond in each of the four actions. Said appeal is pending in said County Court.

7. The property involved is of the approximate value of $17,000, and appellants did not replevy the property as required by law. They admitted inability to give bond with two or more good and sufficient sureties in double the value of said property.

8. Appellant Lillian Logue is using the property as a rooming house for the accommodation of approximately 56 roomers who are engaged in war industries. The "balance of convenience" under the facts of this case lies with appellee, in that appellee is seeking possession of the property in co-operation with the Government's program for furnishing housing facilities to persons engaged in defense work; appellants' use of the premises is not in co-operation with, but is inconsistent with, said program.

The court then concluded as a matter of law:

A. Appellants' plea of res judicata should be denied. When the appealed justice judgments in the forcible detainer cases were perfected, the County Court acquired jurisdiction for trials "de novo". Thereupon the judgments were vacated and superseded for all purposes. Harter v. Curry, 101 Tex. 187, 105 S.W. 988; Farmer v. Witcher, Tex.Civ.App., 189 S.W. 293; House v. Reavis, 89 Tex. 626, 35 S.W. 1063; R.C.S. art. 3994.

B. Appellants' remedy, if false grounds for the writ were stated, is solely for damages. Southern Surety Co. v. Adams, 119 Tex. 489, 34 S.W.2d 789.

C. Appellee, in the issuance of the writ of sequestration, has resorted to a statutory remedy. Appellants failed to replevy by giving the statutory bond, but resorted to a court of equity to seek to enjoin the execution of the writ of sequestration on the ground of financial inability to give such bond, and on the ground that the value of the property was arbitrarily fixed in an excessive amount to prevent appellants from giving such replevy bond. The court concludes that it has no authority to enjoin plaintiff from exercising its statutory right of sequestration. Harris v. Siegel, Tex. Civ.App., 68 S.W.2d 330; Beck v. Priddy, Tex.Com.App., 252 S.W. 476.

D. That even if the use of the property by appellants as a rooming house for defense workers should be held as grounds for injunctive relief, the court concludes that the balance of convenience under the facts predominates in favor of appellee as it is seeking the possession of the property sequestered in an effort to co-operate with the United States Government's defense housing program.

To the foregoing findings of facts appellants filed no exceptions.

The court rendered judgment dissolving the temporary restraining order which had theretofore issued restraining the sheriff from executing the writ of sequestration, and further denied the temporary injunction sought, and denied "all other relief prayed for in their application". The judgment recites notice of appeal by appellants, and then goes on to say "pending appeal the Court in its discretion continues the temporary restraining order, heretofore granted", in effect conditioned on appellants giving bond in five days in the sum of $8,000.

■ Appellants rely on their plea of res judicata, based upon the judgments rendered in their favor in the Justice Court in the forcible detainer actions, as barring any right of appellee to obtain possession by a writ of sequestration of the property in question, and the refusal of the court to

sustain such plea is the sole error here presented as grounds for reversing the action of the trial court in dissolving the temporary injunction against executing said writ. If the refusal of the court to sustain the plea of res judicata was error, it necessarily follows that appellants were entitled to possession, and that appellee would not be entitled to sequester the property, and the dissolution of the temporary restraining order would then be an abuse of discretion, because of the bar of res judicata.

However, appellants make no contention that, where an appeal is perfected to the county court from a judgment rendered in the justice court in a forcible detainer action, such judgment retains any validity. It is their contention that the attempt of appellee to appeal in the several forcible detainer actions was abortive, that the appeal bonds filed by appellee were fatally defective, and that therefore the judgments in said actions became final, and were res judicata of the right of possession of the property.

■ To perfect an appeal from a final judgment in a forcible detainer action to the County Court of the county in which the judgment is rendered, it is necessary, among other things, for an appellant to file a bond to be approved by the justice, payable to the adverse party, conditioned that said appellant will prosecute his appeal with effect. Rule 749, Texas Rules of Civil Procedure.

Rule 750, reads in part, "The appeal bond made in the preceding article may be substantially as follows," and then sets out the form of bond which it provides shall be sufficient if substantially followed. One of the appeal bonds filed by appellee (the others being in all respects similar) in one of the forcible detainer actions is here copied.

"The State of Texas,
"County of Harris

"Whereas, upon a Writ of Forcible Detainer in favor of Gibraltar Savings & Building Association and against Mrs. Lillian Logue, tried before the Hon. Thos. M. Maes, a Justice the Peace of Precinct No. One, Harris County, Texas, in cause No. 83159, a judgment was rendered in favor of the said Mrs. Lillian Logue, defendant, on the 20th day of July, A.D. 1943, and against said Gibraltar Savings & Building Association, plaintiff, from which the said Gibraltar Savings & Building Association has appealed to the County Court;

"Now, Therefore, the said Gibraltar Savings & Building Association and Randon Porter and I. Friedlander, its sureties, covenants that it will prosecute its said appeal with effect and pay all costs and damages which may be adjudged against it.

"In Testimony Whereof, Gibraltar Savings & Building Association has caused this instrument to be signed by its duly authorized officers, with its proper seal affixed hereto, and the aforesaid sureties have also subscribed their names hereto, on this the 22nd day of July, 1943.

"Gibraltar Savings & Building Association,
"By I. Friedlander, President.
"Attest:
"J. L. Davidson, Secretary (Seal)
"Principal
"R. Randon Porter
"I. Friedlander, Sureties."

It will be seen by comparing the above copy with the form approved by Rule 750, that the copy literally tracks such form so approved by the rule as sufficient.

The basis of appellants' contention that the bonds filed by appellee in the forcible detainer actions are fatally defective in that such bonds embody this language of the approved form: "has appealed to the County Court". It is appellants' contention that appellee should have written into the bond, instead of the language just quoted, the following: "has appealed to the County Court at Law, Harris County" or "has appealed to the County Court at Law, No. 2, Harris County". In explanation of appellants' position it will be borne in mind that the "County Court of Harris County" originally had the jurisdiction possessed generally by county courts of the State. Because the business of the court became so heavy, it was divested of jurisdiction over litigation except in probate matters, and such jurisdiction including appeals from the justice courts was vested first in "County Court at Law, Harris County", and subsequently a new court was created to share such jurisdiction taken from the "County Court of Harris County", namely, "County Court at Law, No. 2, Harris County."

■ In order to sustain appellants' objection that the bonds were fatally defec-

tive, it is necessary to hold that by using the words " * * * has appealed to the County Court * * *", appellee did not appeal to the County Court of Harris County having appellate jurisdiction over the Justice Court. Now the "County Court of Harris County" is not a county court at all, so far as appeals from Justice Courts are concerned. The words "has appealed to the County Court" as used in the approved form means "has appealed to a County Court, having jurisdiction". Had appellee used in its bond the words "has appealed to the County Court of Harris County", it would have failed to have filed a bond in substantial conformity with that approved in Rule 750. For that court has no jurisdiction of appeals from justice courts. By employing the words of the approved form, appellee must be taken to have appealed to the court having appellate jurisdiction.

By seeking to have the words used in the bond construed to mean "has appealed to the County Court of Harris County", appellants seek to have the bond nullified, not by reason of the words actually used, but by the words which they seek to insert by way of construction. If the words used are ambiguous because of the fact that there are three courts in Harris County possessing partial County Court jurisdiction, and having Harris County in the style of the name, we know of no rule which would require a construction contrary to the obvious purpose and intention of the words used.

It is expressly provided that the form used in Rule 750 shall be sufficient if substantially followed. By force of said rule, therefore, the words used in the form become formular, for the purpose of complying with such form. They are sufficient because the rule provides that, as used in said form, they shall be. Their meaning is fixed by the rule. They become like the words used in a trespass to try title action, where the words are formular because the form of action in which they are used is prescribed by statute.

Finding no error, the judgment of the trial court dissolving the temporary writ of injunction is affirmed. The order keeping in effect the injunction pending appeal is also dissolved.

Affirmed.