REDDEN et al. v. VANCE.   (No. 7215.)

(Court of Civil Appeals of Texas. Galveston.
Dec. 18, 1915.   Rehearing Denied
Jan. 6, 1916.)

FORCIBLE ENTRY AND DETAINER ⊂⇒43 — APPEAL—EFFECT ON JUDGMENT.

Where a justice, in a suit under the forcible entry and detainer statute, rendered judgment for plaintiff for possession of the premises and for writ of restitution, from which judgment the defendants appealed to the county court, where their appeal was dismissed on plaintiff's motion, the judgment for plaintiff in justice court was not rendered void by the dismissal of defendants' appeal, and the writ of restitution was properly issued thereafter by the justice.

[Ed. Note.—For other cases, see Forcible Entry and Detainer, Cent. Dig. §§ 169–182; Dec. Dig. ⊂⇒43.]

Appeal from Trinity County Court; C. M. McKinnon, Judge.

Suit by Bud Redden and others against L. D. Vance. From a judgment for defendant, plaintiffs appeal. Affirmed.

W. A. Cook, of Groveton, for appellants. Nelms & Platt, of Groveton, for appellee.

LANE, J.   L. D. Vance brought suit under the forcible entry and detainer statute

against Bud Redden, Will Redden, and Bob Hays in the justice court of precinct No. 1 of Trinity county, for the possession of certain premises. Judgment was rendered for plaintiff Vance for the possession of said premises and for writ of restitution. From this judgment the defendants Bud Redden, Will Redden, and Bob Hays appealed to the county court of Trinity county. On motion of plaintiff, L. D. Vance, the county judge dismissed said appeal. After such dismissal, the justice of the peace who rendered the original judgment issued a writ of restitution, and the constable in whose hands said writ was placed dispossessed Bud Redden and others, and placed Vance in possession of the premises in question. In about ten days thereafter, Bud Redden, Will Redden, and Bob Hays presented their application to the county judge of Trinity county for an injunction, and for such other orders and decrees as would be necessary to restore to them the possession of said premises taken from them under said writ. The court refused the injunction and other relief prayed for, and from this judgment of refusal Bud Redden and others have appealed to this court.

Appellants insist that the trial judge erred in refusing to grant the relief prayed for, because their appeal from the judgment of the justice court was erroneously dismissed upon the motion of L. D. Vance, and that such dismissal rendered said judgment void, and therefore the writ of restitution issued by said justice of the peace and the acts of the constable in dispossessing them and placing Vance in possession of said premises were void and illegal.

The judgment rendered for Vance in the justice court was not rendered void by reason of the dismissal of said appeal from the justice court. Such being true, the writ of restitution was properly issued by the justice of the peace and served by said constable, and therefore the court did not err in refusing to grant the relief prayed for.

This is not an appeal predicated upon the alleged error of the judge of the county court in dismissing the appeal of Redden and others, but is an appeal from the judgment of the county judge of Trinity county in refusing to grant the injunction and other orders prayed for.

The judgment of the trial court is affirmed.

Affirmed.