**Henry G. PRINCE, Appellant.**

**v.**

**Winfield SANDERS et al., Appellees.**

No. 6067.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 31, 1957.

Rehearing Denied Feb. 13, 1957.

Ted Musick, Houston, for appellant.

Arnold Smith and S. A. Crawford, Conroe, for appellees.

R. L. MURRAY, Chief Justice.

This is an appeal from a judgment in the district court of Montgomery County in a trespass to try title suit. The appellant, Henry G. Prince, brought suit for title and possession of 25 acres of land in the Joseph Miller League in Montgomery County, Winfield Sanders, et al., being the defendants. The defendants, the appellees here, answered by general denial, plea of not guilty and the 3-year, 5-year and 10-year statutes of limitation. The cause was tried to the court without a jury, and the court rendered judgment that the appellant take nothing by his suit against the defendants. Appellant filed a very brief motion for a rehearing, which was overruled by operation of law, and he thereafter brought his appeal to this court.

Honorable S. A. Crawford of Conroe was counsel for the appellees in the trial of the case and died before the appeal was submitted to this court. Appellees' present counsel filed a brief and presented oral argument for appellees when the cause was submitted. Honorable W. B. Browder, the trial judge in this case, also died after the trial and before submission in this court.

The appellant states in his brief that he requested filing of findings of fact and conclusions of law by the trial court. However, the record does not show that any request, in writing, was ever filed and hence the appellant cannot complain of any failure to file such findings of fact and conclusions of law.

We have examined the pleadings and read the entire statement of facts, and are convinced therefrom that the judgment of the trial court is supported by the record.

The appellant, the plaintiff in the trial court, was confronted by a plea of not guilty and therefore was under the burden in the trial to show title from the sovereignty of the soil into himself, or to show title to both himself and the defendants came from a common source. He made no effort to connect his title with the sovereignty of the soil, and stated to the trial court that he could not do so, but would prove a common source of title. In this effort, we think he failed. Plaintiff introduced a series of deeds (although the deeds are not copied in the statement of facts) showing that he got a deed from a Mr. Boggs in 1942, and that Boggs had a deed from persons whose title went back no earlier than 1868. The earliest deed in this group is dated about 1868, a deed from Scott to Brown. Appellant's contention is that he got his deed from Boggs in 1942 and that the evidence is that Winfield Sanders, a son of the present appellees, Tommy Sanders and wife, went on the land and began his claim of ownership thereafter in April, 1942; that Winfield Sanders was claiming limitation title against him and that these facts make appellant a common source of title. We do not so interpret the testimony. There was evidence in the record that Winfield Sanders had been on the property since 1942, claiming it against every one, and that his possession, use and enjoyment of the property since 1942 was such that the trial court was warranted in finding that a 10-year limitation title had

ripened in Winfield Sanders before his death in January, 1955.

The appellant also contends that the appellees have no limitation title, because their son, Winfield Sanders, was away from the land at various times during his occupancy from 1942 to 1955. There was ample evidence from various witnesses that Winfield Sanders had had sufficient use, occupancy and enjoyment of the land in suit to show a limitation title, and to warrant the trial judge in holding that his absences were short and temporary. The appellant also contends that the appellees show no title in themselves, since they went into possession of the land shortly after the death of their son, Winfield Sanders, that they had been in possession only since 1955. It appears to be undisputed in the record that Winfield Sanders was a single man, that he died intestate, and that the appellees, Tommy Sanders and his wife, as father and mother of Winfield Sanders, were his only heirs. This was sufficient to show to the satisfaction of the trial court that whatever title Winfield Sanders acquired by limitation passed under the law of descent and distribution to the appellees. Both of these contentions, however, are directed to the alleged weaknesses in the title of the appellees. It is well settled that a plaintiff in an action in trespass to try title must recover, if at all, upon the strength of his own title and not upon the weakness of the defendants' title.

It is evident from a perusal of this entire record that the plaintiff failed to show title in himself, either by deraignment of title from the sovereignty of the soil to himself or from the common source, and the trial court would have been warranted in entering judgment for that reason that the appellant take nothing against these appellees.

The appellees, however, went forward and introduced in evidence the original grant or patent from the State of Coahuila and Texas to Joseph Miller, dated April 16, 1831. Having shown title to have issued out of the sovereign, the appellees then showed by several witnesses that Winfield Sanders had been in possession of and claiming as his own the land in controversy from 1942 until his death in 1955; that Winfield Sanders died in 1955, and that the appellees are his sole heirs at law. This was evidence sufficient to warrant the trial court in rendering judgment that appellant take nothing against these appellees.

Appellant also contends the possession of Winfield Sanders was interrupted by a suit he filed against him in trespass to try title in 1949. The record shows that a suit was filed against Winfield Sanders and Tommy Sanders and his wife in trespass to try title for the same land involved in this suit in 1949 and that the suit was dismissed for want of prosecution in December, 1953. Thereafter in April, 1954, he filed the present suit. Ordinarily, limitation would be interrupted by such suit, but since it was dismissed for want of prosecution four years after it was filed, then it did not toll the running of the statute of limitation. It would have no more effect upon such limitation than if it had never been filed. See De Martinez v. De Vidaurri, Tex.Civ.App., 219 S.W.2d 823 and cases cited therein. This contention also is directed toward a weakness in the case of a defendant and cannot serve to bolster the title asserted by a plaintiff in such an action.

We believe that the appellant's brief has failed to point out any error in the judgment of the trial court, and the judgment is affirmed.