Robert Wallace KNIGHT, Appellant,

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 7182.

Court of Civil Appeals of Texas.
Amarillo.
Oct. 15, 1962.

Kolander, Moser & Templeton, Amarillo, for appellant.

A. W. Lair, Canyon, for appellee.

CHAPMAN, Justice.

Robert Wallace Knight, within the period required under the provisions of Section 22(c) of Article 6687b Vernon's Ann.Tex. Civ.St., filed in the county court of Randall County, the county of his residence, a written instrument pointing out that he did not consent to the decision of the Texas Department of Public Safety in suspending his driving privileges for two months, beginning August 25, 1961, and asked for a jury and a trial de novo in said court. The appeal was from an administrative hearing in the Corporation Court of Amarillo.

The Texas Department of Public Safety, acting through the Criminal District Attorney of Randall County, filed a general denial in which he styled the case, "Texas Department of Public Safety v. Robert Wallace Knight," and in which he only denied "all and singular the allegations contained in Defendant's Appeal of Licensee." This is the only pleadings the Department has in the record before us on the appeal from county court.

On December 7, 1961, the cause came on for trial. No further pleadings were filed by the Department and no trial amendments were requested. Appellant, after all parties had announced ready, moved the court for judgment for the reason that the Department had not filed sufficient pleadings to state any cause of action. The court overruled the motion. The Department then proceeded to introduce evidence and exhibits to show appellant was an habitual violator of the traffic laws. This evidence was all introduced over the objec-

tion of appellant on the grounds that no cause of action was stated against appellant and that the pleadings were insufficient to permit the introduction of any evidence that appellant was an habitual violator of the traffic laws. At the conclusion of the testimony of the Department all parties rested and the court instructed the jury to find that appellant was an habitual violator of the traffic laws of the State of Texas. The jury made the finding in accordance with the court's instruction and a judgment was rendered thereon. From that judgment appeal is perfected upon two points of error.

The first point asserts error in failing to grant judgment for appellant for the reason that the burden of proof was upon the Department and by the mere filing of a general denial no cause of action was shown and appellee was not apprised of the nature of the case against him. In his second point appellant urges error in admitting any testimony and exhibits seeking to show appellant to be an habitual violator of the traffic laws because such proof and exhibits constituted a variance between the allegations and proof in that no affirmative allegations were made against the appellant.

Section (c) of Article 6687b provides in part as follows:

"Any licensee who is not willing and does not consent to abide by the final ruling or decision of the Department suspending said license, * * * may, within thirty (30) days after the date of receipt of notice of the suspension of such license from the Department, bring suit in the county court, or county court at law, of his residence to vacate and set aside said final ruling and decision suspending said license, which suit shall be either before the court or a jury at the election of the licensee, *and said court shall, in either event, determine the issues in such cause, instead of the Department, upon a trial de novo, and shall be tried the same as if there had been no prior hearing on the matter of suspension of said*

*license and in the same manner as a trial in the county court on appeal from the justice court,* and the rights of the parties thereto shall be determined by the court upon a trial of the matters in controversy under rules governing the trial of other civil suits in the same manner and to the same extent as though the matter had been committed to the courts in the first instance and there had been no intervening administrative or executive action or decision. *Under no circumstances shall the substantial evidence rule as interpreted and applied by the courts of Texas in other cases ever be used or applied to appeals prosecuted under the provisions of this Act."*
(Emphases added)

■ We are told by brief that the only pleadings filed by appellant was a general denial. That pleading is in the record and asserts no cause of action against appellant for suspension of driver's license or for any other cause. Therefore, there was no allegation upon which to apprise appellant of the charges against him and no pleading by which he could offer evidence showing appellant to be an habitual violator of the traffic law.

■ The Department of Public Safety has not honored us with a brief nor did they appear for oral argument. Under such circumstances we may accept as correct the statements contained in appellant's brief which relate to the facts and the record. Rule 419 V.A.T.R.; Clement v. Frantz, Jr., Tex.Civ.App., 333 S.W.2d 190 and the cases therein cited under syl. 1.

■ No provision is made in Article 6687b for a transcript in appealing from the administrative hearing to the county court. As shown in the above quote, part of Section (c) thereof provides:

"Under no circumstances shall the substantial evidence rule as interpreted and applied by the courts of Texas in other cases ever be used or applied to

appeals prosecuted under the provisions of this Act."

Therefore, we are bound by the record made in the county court. Appellant has told us by brief there was no pleading in county court alleging appellant to be an habitual violator. Under the authorities above cited we may take this statement from the brief as a correct statement of the record in county court.

Part of Section (c) quoted above also provides the appeal from the administrative body shall be tried in the same manner as a trial in the county court on an appeal from the justice court. Rules 525, 589, V.A.T.R. provides that in an appeal from the justice court to county court all pleadings in a cause which are not already written shall be reduced to writing.

■ Our courts have held that when an appeal from a judgment of a justice court to the county court is perfected such appeal vacates and annuls the judgment appealed from and the cause of action asserted shall be tried de novo in the county court, and the burden is on plaintiff in the case to obtain a new judgment. Bender Bros. v. Lockett, 64 Tex. 566; Moore v. Jordan et al., 65 Tex. 395; Greenfield et al. v. Chas. K. Horton, Inc. et al., Tex.Civ. App., 64 S.W.2d 369.

We believe under the cases the statute and rule above cited it was incumbent upon the Department to plead in writing its cause of action, if any it had, before it could prove in the county court the legal grounds justifying the court in finding appellant to be an habitual violator of the traffic laws.

■ In 33 T.J., Sec. 96 under "Pleading" it is textually stated in effect that the rule that the allegata must conform to the probata is as ancient as the common law itself, and still obtains in our practice notwithstanding distinctive forms of action have been abolished.

Under this record before us there was not any pleading upon which to base any proof that appellant was an habitual violator of the traffic laws. Therefore, we must conclude that the evidence admitted under the ruling of the court to that effect was improper. Accordingly, the judgment of the court below is reversed and remanded for another trial.