**T. J. POOLE, Jr. et al., Appellants,**

v.

**Sam GOODE et ux., Appellees.**

**No. 261.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

May 21, 1969.

Rehearing Denied June 18, 1969.

Vernon E. Fewell, Harris, Davant & Fewell, Houston, for appellants.

Anthony Willy, Bing & Willy, Freeport, for appellees.

BARRON, Justice.

This is a trespass to try title suit filed by Sam and Ella Goode as plaintiffs against T. J. Poole, Jr. and Dr. and Mrs. Hugh Mangum, defendants, seeking recovery of 80 acres of land in Brazoria County, Texas, known as Lots 29 and 30 of a subdivision of the Elsey Harrison Estate in the George Harrison Survey. Each lot contains about 40 acres of land. Suit was filed on July 21, 1967, the plaintiffs claiming the land by reason of the 10 year statute of limitations. Defendants answered by plea of not guilty and general denial.

The trial court submitted three special issues to the jury, who answered the first special issue regarding Lot 29 in favor of appellants, Poole and Mangum, and the second special issue was answered in favor of plaintiffs, Sam and Ella Goode. The jury found that plaintiffs had held exclusive peaceable and adverse possession of Lot 30, using or enjoying the same continuously for a period of at least 10 consecutive years. Based upon the verdict of the jury, the trial court rendered judgment in favor of Sam and Ella Goode for title and possession of Lot 30. No motion for new trial was filed, and appellants' sole ground of appeal is the trial court's overruling of their motion for judgment non obstante veredicto and to disregard special issue number two, the answer to which was the basis of judgment in favor of plaintiffs. Special issue number three concerning damages is immaterial to our decision. Appeal is by Poole and the Mangums.

The evidence is conflicting as to the date of entry of plaintiffs on the land and as to the nature of plaintiffs' possession. However, the record sufficiently shows that Sam and Ella Goode took visible possession of Lot 30 within a few days after January 22, 1956 when Isabella Jones abandoned the property. Plaintiffs testified that they were claiming the land under the claim of Ella Goode's parents, who lived on the land in the early 1900's. A short time after their entry, plaintiffs encountered an employee of Dr. Mangum on the place, and the employee told plaintiffs that Dr. Mangum was claiming the property. Beginning in 1956, plaintiffs planted crops on the property, grazed cattle, made improvements and fenced in Lot 30 and a part of Lot 29. While there was some dispute concerning the sufficiency of the fencing, the record shows that the fences concerning Lot 30 were good and sufficient, and capable of turning cattle. Plaintiffs further drilled a well on the property.

While the record reflects by oral testimony that Dr. Mangum "purchased" the property in August, 1957, there is no deed

shown by the record and no further evidence of his title, except a deed from Hugh J. Mangum and wife, Barbara D. Mangum, to T. J. Poole, Jr., dated December 15, 1965, which purportedly conveyed title to Lots 29 and 30 and other property to Poole without warranty as to Lot 30 only. Dr. Mangum retained a vendor lien and deed of trust lien executed by Poole to secure payment of his note delivered as a part of the consideration for such conveyance.

As distinguished from Lot 30, upon which cultivation and improvements were evident, Lot 29 was densely overgrown and was never cleared, cultivated or improved at any time pertinent to this suit, and Lot 29 was only partially fenced.

On March 22, 1958, Dr. Mangum as plaintiff filed a forcible entry and detainer suit against Sam and Ella Goode, seeking possession of Lot 30. On April 11, 1959 in Justice Court of Precinct 4, Brazoria County, Texas, Dr. Mangum recovered judgment against plaintiffs for possession of Lot 30, judgment was signed and entered on May 6, 1959, writ of restitution was signed May 7, 1959, appeal bond was filed by plaintiffs on May 8, 1959, and approved on May 12, 1959. Transcript was prepared and forwarded to county court on May 14, 1959. After the case was appealed de novo to county court, Dr. Mangum took no further action, and the action was dismissed by the county judge on September 27, 1966 for want of prosecution. Sam and Ella Goode remained in open possession of Lot 30 during all of the above time, and the record shows that they remained in continuous possession from early 1956 until plaintiffs were ousted by Poole on June 1, 1967.

■ We cannot consider defendants' contention that the findings of the jury are against the great weight and preponderance of the evidence. However, we believe there is some evidence and sufficient evidence to support the jury's findings in connection with special issue number two,

and that there is some evidence to show that Sam and Ella Goode did openly and exclusively possess Lot 30; that they cultivated, used and enjoyed the same for more than 10 years, and that their claim thereto was adverse and hostile as required by law. See Art. 5510, Vernon's Ann.Tex.Civ. St.; Craig v. Cartwright, 65 Tex. 413, 424; Allison v. Groppenbacher, 142 S.W.2d 528, 531, (Tex.Civ.App.), writ ref.; Humphreys v. Gribble, 227 S.W.2d 235, 238, (Tex.Civ. App.), writ ref., n.r.e. The jury resolved the issue against defendants.

However, defendants contend that the filing of the forcible entry and detainer suit against plaintiffs in 1958, in which Dr. Mangum recovered a judgment for possession against plaintiffs, is sufficient as a matter of law to break the continuity of possession by plaintiffs, and that such judgment of the justice court had the legal effect of suspending adverse possession and the statute until 1966. The contention is that "peaceable possession" was interrupted by adverse suit. See Art. 5514, V. A.T.S. We cannot agree with defendants, and we overrule such contention.

■ Section 16 of Article 5 of the Texas Constitution, Vernon's Ann.St., provides that in all appeals from justice courts there shall be a trial de novo in the county court. When an appeal has been properly perfected to county court, the justice court judgment is annulled. Southern Canal Co. v. State Board of Water Engineers, 159 Tex. 227, 318 S.W.2d 619, 622; Bender Bros. v. Lockett, 64 Tex. 566, (Tex.Sup.); Harter v. Curry, 101 Tex. 187, 105 S.W. 988. In Harter v. Curry it was held:

"When the appeal was perfected according to law and the county court acquired jurisdiction of the case, it stood on the docket as if the suit had been originally commenced in that court. The judgment of the justice court was vacated by the appeal, and the voluntary dismissal of the case did not restore the vacated judgment, but put all parties out of court."

See also Logue v. Gibraltar Savings & Building Assn., 175 S.W.2d 117, (Tex.Civ. App., Galveston), no writ hist.; 4 Tex. Jur.2d, Sec. 1081, p. 761.

When these plaintiffs properly appealed the case to county court the burden did not shift, and it was Dr. Mangum's duty to further prosecute his suit. This he failed to do, and his action was dismissed in county court. The judgment below thus became a nullity, and it had no effect whatsoever upon the peaceable and continuous possession of plaintiffs. So far as the case of Redden v. Vance, 181 S.W. 782, (Tex.Civ.App., Galveston), no writ hist., conflicts with the rule as stated above, we decline to follow it. Plaintiffs' possession was continuous, peaceable and adverse at all necessary times. While the statute of limitations is ordinarily interrupted by suit, an abandonment of the suit will have the same effect as if the suit had never been instituted. Gibbs v. Lester, 41 S.W.2d 28, (Tex.Comm.App.); Prince v. Sanders, 298 S.W.2d 650, 652, (Tex.Civ. App.), writ dismd.

Believing that the findings of the jury are supported by the evidence, we affirm the judgment of the trial court.