**Elijio Flores JARAMILLO, Appellant,**

v.

**LIBERTY MUTUAL FIRE INSURANCE CO., Appellee.**

No. 13–84–460–CV.

Court of Appeals of Texas, Corpus Christi.

May 2, 1985.

Rehearing Denied May 23, 1985.

John D. Wennermark, San Antonio, for appellant.

F. Van Huseman, White, Huseman, Pletcher & Powers, Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

This a post-answer default judgment case arising out of a worker's compensation claim. Appellant has perfected his appeal by way of writ of error. We affirm the judgment of the trial court.

Appellant allegedly suffered an industrial accident on June 7, 1982. On January 3, 1983, the Industrial Accident Board for the State of Texas made its final ruling in favor of appellant. Appellee then gave timely notice that it was not willing to abide or consent to the ruling of the Industrial Accident Board and timely filed the litigation which is the subject matter of this appeal. Appellant filed a general denial to appellee's suit to set aside the Industrial Accident Board award. Appellant did not file any cross-actions. The case was originally set for trial on March 19, 1984. Appellant filed a motion for continuance, which the trial court granted, and the cause was reset for April 16, 1984, by agreement of counsel. The cause was called to trial on April 16, 1984. Appellee appeared by counsel; however, appellant failed to appear either in person or by counsel. The trial court then entered a default judgment, setting aside the award of the Industrial Accident Board. No motion for new trial was filed by appellant. Appeal was perfected by writ of error filed on the last day for perfection of appeal by

writ of error. No statement of facts has been tendered or filed in this cause.

■ In his points of error one and three, appellant complains, generally, of the acts of the trial court in granting judgment for appellee in setting aside the compensation award of the Industrial Accident Board. There are four necessary elements in order to perfect a proper writ of error. They are: (1) the petition must be brought within 6 months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) error must be apparent from the face of the record. *Stubbs v. Stubbs,* 685 S.W.2d 643 (Tex. 1985).

■ A post-answer "default" constitutes neither an abandonment of defendant's answer nor an implied confession of any issues. A judgment cannot be entered on the pleadings, and the plaintiff in such cases must offer evidence and prove his case as in a judgment upon trial. *Stoner v. Thompson,* 578 S.W.2d 679 (Tex.1979). *See Karl and Kelly Co., Inc. v. McLerran,* 646 S.W.2d 174 (Tex.1983). When a defendant fails to appear for trial and an answer has been filed, the plaintiff must still appear and present evidence to support his cause of action in spite of the post-answer default by the defendant. *Peck v. Ray,* 601 S.W.2d 165 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). As a general rule, a petition for writ of error should not be granted unless an error which vitiates the trial court's judgment is apparent on the face of the record. *Wall v. Wall,* 630 S.W.2d 493 (Tex.App.—Ft. Worth 1982, writ ref'd n.r.e.); *Garcia v. Garcia,* 618 S.W.2d 117 (Tex.Civ.App.—Ft. Worth 1981, no writ).

■ An appellant in a writ of error case is limited to showing the invalidity of the judgment by the papers on file in the case. *Grayson Fire Extinguisher Co., Inc., v. Jackson,* 566 S.W.2d 321 (Tex.Civ. App.—Dallas 1978, writ ref'd n.r.e.). As a general rule where no statement of facts is present in the record before the Court of Appeals, the Court may conclude that every fact necessary to support the judgment, within limits of the pleadings, was proved at trial. *Texas Employment Commission v. Bell Helicopter Inter., Inc.,* 627 S.W.2d 524 (Tex.App.—Ft. Worth 1982, writ ref'd n.r.e.); *Novak v. DeWied,* 574 S.W.2d 204 (Tex.Civ.App.—San Antonio 1978, writ ref'd n.r.e.).

■ We are now faced with the unique legal question of whether or not there is error on the face of this record by the absence of a statement of facts, or whether it was appellant's duty to bring forward the statement of facts or some proof that the court reporter failed to record the proceedings of the trial. In *Stubbs,* by statute, it was necessary that a record be made in the proceeding from which the writ of error originated. The court held that *proof* of the absence of the statement of facts constituted error on the face of the record before the court. The circumstances in this case are similar, but not identical. In our case, we have no indication that a record of the proceedings was *not* made. We simply have a record without a statement of facts and no evidence that a statement of facts was not made. Under these circumstances, the state of the record constitutes a failure by appellant to establish the fourth element necessary to a successful appeal by writ of error: "error on the face of the record." We hold that the burden of demonstrating this error was on the appellant. *See Stubbs.* Having failed to bring forward a statement of facts or any evidence that no statement of facts was made, we presume the regularity of the trial court's judgment and find no error on the face of the record before us to support appellant's writ of error. Appellant's points of error one and three are overruled.

■ In his second point of error, appellant complains that the trial court abused its discretion by failing to grant appellant's motion for continuance from the April 16, 1984 hearing. No motion for continuance, affidavit in support thereof or ruling by the trial court on such a motion is contained in the record before this court. No motion to

supplement the record has been filed by the appellant. "A point of error based on the trial court's ruling on a motion of any kind must be supported by showing in the record that the motion was presented and acted upon by the trial court." *Ballard v. King*, 652 S.W.2d 767, 769 (Tex.1983); *See Canon U.S.A. v. Carson Manufacturing Co., Inc.*, 647 S.W.2d 321 (Tex.App.—Corpus Christi 1982, no writ); *First State Bank and Trust Company v. First Bank of Truscott*, 32 S.W.2d 494 (Tex.Civ.App.—Eastland 1930, writ ref'd). Appellant's second point of error is also overruled.

The judgment of the trial court is affirmed.