Jack R. SALES, Appellant,

v.

John G. PASSMORE, Co-Independent
Executor of Grace Sales, Appellee.

No. 08–89–00314–CV.

Court of Appeals of Texas,
El Paso.

Feb. 14, 1990.
Rehearing Overruled March 14, 1990.

Edward Dunbar, Christie, Berry and Dunbar, El Paso, for appellant.

Phillip C. Bowen, Johnson & Bowen, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

FULLER, Justice.

Appellee was named in a will as co-independent executor. The will was admitted to probate and letters testamentary were issued without any contest. Appellant, a legatee under the will, thereafter sought to remove Appellee on the grounds that at the time the will was probated and the appointment of Appellee as co-independent executor, the Appellee was a convicted felon; therefore, he was disqualified from serving as an independent executor under the will. Appellee responded by filing a plea to the jurisdiction of the probate court to entertain such removal motion. The probate court agreed that it did not have jurisdiction. We affirm.

Appellant has appealed the order of the probate court, wherein it found it did not have jurisdiction to entertain the motion to disqualify the co-independent executor Passmore. Appellant appeals, by ordinary appeal, the order as to lack of jurisdiction and also appeals by writ of error the order of the probate court appointing Appellee as co-independent executor.

## WRIT OF ERROR

We shall discuss the points of error dealing with the appeal by writ of error.

Point of Error No. Three asserts there was no evidence to support the trial court's finding that Appellee was qualified and not disqualified to serve as co-independent executor.

Point of Error No. Four asserts the order appointing Appellee as co-independent executor should be reversed and remanded because of the inability of Appellant to obtain a statement of facts as to the proceeding below.

Four elements must be present in order to perfect a proper writ of error:

(1) The petition must be brought within six months of the date of judgment;

(2) By a party to the suit;

(3) Who did not participate in the trial; and

(4) Error must be apparent from the face of the record.

*Jaramillo v. Liberty Mutual Fire Insurance Co.*, 694 S.W.2d 585, 587 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); *Stubbs v. Stubbs*, 685 S.W.2d 643 (Tex. 1985); Tex.R.App.P. 45. Appellant being named in the will was a "party" within the contemplation of Tex.R.App.P. 45. *Specia v. Specia*, 292 S.W.2d 818 (Tex.Civ.App.—San Antonio 1956, writ ref'd n.r.e.).

We find that Appellant timely filed his Petition for Writ of Error; that he was a party to the suit and that he did not participate in the trial. However, we find that the error alleged is not apparent from the face of the record. There is nothing in the record before us to even substantiate the allegation of "convicted felon."

We find that the order appointing Appellee as co-independent executor was voidable rather than void and not subject to collateral attack by writ of error. Appellant had notice and an opportunity to lodge a direct attack on the disqualification of Appellee to serve but did not do so until after Appellee's appointment as co-independent executor. *Romick v. Cox*, 360 S.W.2d 430 (Tex.Civ.App.—Dallas 1962, no writ). Once Appellee was appointed as co-independent executor, the grounds for removal provisions of Tex.Prob.Code Ann. secs. 149C and 222 (Vernon 1980) applied. However, these sections do not support removal because of conviction of a felony.

Point of Error No. Three is overruled.

As to Point of Error No. Four, whereby Appellant complains of the failure to be able to obtain a statement of facts as to the probate proceedings, we find that Appellant did not timely contest the Appellee's qualifications to serve as co-independent executor. A court has no discretion-

ary power to refuse to issue letters testamentary to a person named as executor who comes forward within the statutory time and offers to probate the will and applies for letters unless the executor is incompetent, a minor or otherwise disqualified from serving as an executor. *Alford v. Alford*, 601 S.W.2d 408, 410 (Tex.Civ. App.—Houston [14th Dist.] 1980, no writ); Tex.Prob.Code Ann. sec. 78 (Vernon 1980). Appellant, having failed to timely contest Appellee's qualifications, left the Appellee's qualifications uncontroverted. Therefore, there was no need to request a statement of facts.

Point of Error No. Four is overruled.

### DIRECT APPEAL POINTS

Point of Error No. One asserts the trial court erred in deciding it had no jurisdiction to remove Appellee as co-independent executor except under Section 222 of the Texas Probate Code Ann. (Vernon 1980 and Supp.1990).

Point of Error No. Two asserts that if Section 222 of the Texas Probate Code does apply to independent executors, the trial court erred in failing to exercise its jurisdiction and remove Appellee as co-independent executor.

There is some question as to the applicability of Section 222 of the Texas Probate Code to independent executors. *Bell v. Still*, 389 S.W.2d 605 (Tex.Civ.App.—Waco 1965), *aff'd with opinion adopted*, 403 S.W.2d 353 (Tex.1966); *Killgore v. Estate of Killgore*, 568 S.W.2d 182 (Tex.Civ.App. —San Antonio 1978, no writ).

 Regardless, Section 149C of the Texas Probate Code is expressly applicable to removal of the independent executors and does employ the same language as Section 222 in describing a basis for removal. This is of no assistance to Appellant. Both sections provide for removal of an executor if he "is sentenced to the penitentiary." In context with the rest of the section, this should be read to mean subsequent to the appointment. Even if the section did not so state and were construed as referring to imprisonment at any time,

the Appellant has not alleged that as a basis for either initial disqualification or subsequent removal. His only pleading in the probate court alleges that Appellee is a convicted felon. That may or may not be a disqualification under Section 78 of the Texas Probate Code, but Appellant forfeited his opportunity to challenge on that basis during the application for probate proceedings. One may be a convicted felon and yet not sentenced to a penitentiary so that he becomes "incapacitated from properly performing his fiduciary duties." Section 149C(a)(5) of the Tex.Prob.Code Ann. Also, "convicted felon" under Section 78 is therefore not synonymous with the removal basis set out in Sections 149C and 222.

 We find that the probate court had jurisdiction to entertain Appellant's motion to remove Appellee as co-independent executor, but we find that its failure to do so was harmless error. Tex.R.App.P. 81.

Point of Error No. One is sustained, but only insofar as the assertion that the trial court erred in finding it did not have jurisdiction to consider removal of Appellee as co-independent executor.

Point of Error No. Two is overruled.

The judgment and order of the probate court are affirmed.