cv5-025.russum 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00025-CV







Douglas Russum, Appellant



v.



Carol Wipperman, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 94-03358, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING







PER CURIAM



 Douglas Russum appeals by writ of error from a default judgment rendered against
him and in favor of Carol Wipperman in her suit to modify a child custody and support order. 
We will affirm in part and reverse and remand in part.



BACKGROUND


 Russum and Wipperman had a child while married in California. They divorced
in California in 1984. While both parents remained in California, they shared joint legal and
physical custody, though the child's primary residence was with Wipperman.

 Wipperman remarried. When she and her new husband moved to Texas in 1988,
the parties stipulated to modifications of the custody and visitation order. Russum remained in
California, but expressly consented in the stipulation to the child's move.

 Wipperman filed this motion to modify in Travis County in 1994. She sought to
change the terms of possession and support of the child. Russum was served with citation of the
suit in California. 

 The court heard the motion after Russum did not file an answer or take any action
during the allotted time. The court noted his default in its order. The court wrote that,



having examined the pleadings and having heard the evidence and arguments of
counsel, [the court] finds that all necessary pre-requisites of law under the Uniform
Child Custody Jurisdiction Act (UCCJA), and in particular Section 11.53 of the
Texas Family Code, have been satisfied to confer status jurisdiction on this Court
of this case, the child, and the subject matter of this cause. The Court finds that
Texas is the child's home state and was the child's home state at the
commencement of the proceeding.



The court then modified the possession provisions. It also ruled that "[a]s additional child
support, DOUGLAS RUSSUM is ORDERED AND DECREED to pay 50 percent of all health
care expenses not paid by insurance that are incurred by or on behalf of the parties' child . . . ." 
(Emphasis added.)



DISCUSSION


 By one point of error, Russum contends that the court erred in granting a default
judgment against him because it did not acquire jurisdiction over a nonresident in accordance with
Texas Family Code section 11.051. Wipperman denies that claim, and asserts by counterpoints
that Russum's point is unduly vague and that his case should be dismissed for failure to bring
forth a statement of facts. We reject her assertion of undue vagueness. The success of the
litigants' remaining positions differs according to the portion of the court's order at issue.

 The requirements for a direct attack on a judgment by writ of error are clear. 
General Elec. Co. v. Falcon Ridge Apartments Joint Venture, 811 S.W.2d 942, 943 (Tex. 1991). 
A party to the suit who did not participate in the trial must bring the writ within six months of the
date on which the judgment was signed. Tex. R. App. P. 45. The error complained of must be
apparent from the face of the record. Falcon Ridge, 811 S.W.2d at 943. The only disputed
element is whether the error is apparent. The usual presumption of validity of judgments does
not apply when we review jurisdictional findings in a default judgment by writ of error. Id.;
McKanna v. Edgar, 388 S.W.2d 927, 929 (Tex. 1965); Lakeside Leasing Corp. v. Kirkwood
Atrium Office Park Phase 3, 750 S.W.2d 847, 849 (Tex. App.--Houston [14th Dist.] 1988, no
writ).

 Contrary to Wipperman's counterpoint, Russum's failure to bring forward a
statement of facts does not resolve this appeal. Russum had the burden to present an adequate
record on appeal. Tex. R. App. P. 50(d). He could have relieved that burden in part by proving
that no statement of facts existed. See Jaramillo v. Liberty Mut. Fire Ins. Co., 694 S.W.2d 585,
587 (Tex. App.--Corpus Christi 1985, writ ref'd n.r.e.). The court's modification order states,
however, that the proceedings were recorded. Absent a statement of facts when one is potentially
available, we may conclude that every fact necessary to support the judgment, within the limits
of the pleadings, was proved at trial. Id. The deficiency of the pleadings rescues part of
Russum's case.

 Russum's appeal fails regarding the modification of the visitation order. The
UCCJA provides that Texas courts can exercise jurisdiction over child custody matters if Texas
is the child's home state. Tex. Fam. Code Ann. § 11.53(a)(1)(A) (West 1986). (1) Custody
determinations are court decisions, orders, and instructions providing for the custody of the child,
including visitation. Tex. Fam. Code Ann. § 11.52(2) (West 1986). This definition renders
Russum's residence irrelevant to the jurisdiction determination; the court need not have personal
jurisdiction over him to make decisions concerning custody and visitation. See In re S.A.V., 837
S.W.2d 80, 84 (Tex. 1992). Wipperman pleaded and the court found that Texas is the child's
home state. We presume the record supported this finding. This finding satisfies the
jurisdictional requirement for the child custody matters. We overrule the point as it pertains to
the child custody modifications.

 He succeeds, however, as to the modification of the allocation of the child's health
care costs, however. Consistent with Wipperman's pleadings, the court specifically asserted
jurisdiction over the entire matter under the UCCJA. The UCCJA, however, expressly excepts
from its definition of custody determination "any decision relating to child support or any other
monetary obligation of any person." Tex. Fam. Code Ann. § 11.52(2). The assessment of health
care costs clearly affects a monetary obligation; the order expressly states that the health care costs
are "additional child support." The court's finding of jurisdiction under the UCCJA does not
empower it to make this modification.

 Unlike suits to modify child custody orders, suits to modify child support
obligations require personal jurisdiction. S.A.V., 837 S.W.2d at 83. The Family Code defines
the means by which a Texas court can acquire jurisdiction over a nonresident in such cases. Tex.
Fam. Code Ann. § 11.051 (West Supp. 1995). (2)

 The trial court did not exercise personal jurisdiction over Russum. It expressly
exercised only jurisdiction over the child and the subject matter. Wipperman did not plead, and
the court did not find, facts supporting any exercise of personal jurisdiction over Russum. 
Because we can only presume facts within the limits of the pleadings, the absence of such
pleadings prevents us from presuming that the evidence adduced at the hearing supported the
exercise of personal jurisdiction and the judgment. See Jaramillo, 694 S.W.2d at 587. This error
is apparent from the record. We sustain point one as it pertains to the child support modification.



CONCLUSION


 We reverse the part of the order that modifies the child support obligations and
remand that portion of the cause to the trial court for further proceedings. We affirm the
remainder of the order.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed in Part; Reversed and Remanded in Part

Filed: June 7, 1995

Do Not Publish
1. The Family Code has been restructured by the passage of H.B. 655. Act of Apr. 6,
1995. Because the revisions do not affect the substance of this case, we will cite the code
provisions with the citations in effect during the trial.
2. The court may exercise personal jurisdiction if:


(1) the person is personally served with citation in this state;

(2) the person submits to the jurisdiction of this state by consent, by entering
a general appearance, or by filing a responsive document having the effect
of waiving any contest to personal jurisdiction;

(3) the child resides in this state as a result of the acts or directives of the
person;

(4) the person resided with the child in this state;

(5) the person resided in this state and provided prenatal expenses or support
for the child;

(6) the person engaged in sexual intercourse in this state and the child may
have been conceived by that at of intercourse; or

(7) there is any basis consistent with the constitutions of this state and the
United States for the exercise of the personal jurisdiction.


Tex. Fam. Code Ann. § 11.051.