NUMBER 13- 98-257-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


LAURA BARBOSA , Appellant,



v.




MELISSA CANO , Appellee.

___________________________________________________________________



On appeal from the County Court at Law No. 2 

of Cameron County, Texas.

___________________________________________________________________



O P I N I O N

Before Chief Justice Seerden and Justices Yañez and Chavez

Opinion by Chief Justice Seerden


 Laura Barbosa appeals from a county court judgment on a de novo appeal from a forcible detainer action brought against
her by Melissa Cano in the justice court. Barbosa complains that the county court erred by entering a judgment that both
dismissed the de novo appeal and ordered her to vacate the premises in accordance with the justice court judgment. We
modify the judgment to delete the order to vacate.

 Cano filed a written complaint in the justice court alleging that Barbosa breached a written rental agreement by failing to
pay rent, and asking for return of the premises and damages. Barbosa filed a written answer generally denying Cano's
claims and also complaining that the agreement was not for rental of the premises but for purchase, and therefore outside
the jurisdiction of the justice court on a forcible detainer action. When Barbosa failed to appear for trial, the justice court
granted a default judgment against her ordering her to vacate the premises within five days.

 Barbosa then timely perfected a de novo appeal in county court by filing notice of appeal and an uncontested affidavit of
inability to pay costs. Tex. R. Civ. P. 749 & 749a. (1) However, Barbosa again failed to appear for trial in county court, and
that court signed a judgment against her that both ordered the appeal dismissed with prejudice and ordered Barbosa to
vacate the premises within five days.

 Barbosa has appealed to this Court by a single point of error complaining that the county court had no authority to reinstate
the justice court's judgment upon dismissal of the de novo appeal.

 When an appeal has been properly perfected to county court, that appeal vacates and annuls the justice court judgment. In
re Garza, No. 13-99-058-CV, slip op. at 3 (Tex. App.--Corpus Christi, March 17, 1999, orig. proceeding) (not yet
published); Richard v. Taylor, 886 S.W.2d 848, 851 (Tex. App.--Beaumont 1994, writ denied); Advance Imports, Inc. v.
Gibson Products Co., 533 S.W.2d 168, 170-71 (Tex. Civ. App.--Dallas 1976, no writ); Poole v. Goode, 442 S.W.2d 810,
812-13 (Tex. Civ. App.--Houston [14th Dist.] 1969, writ ref'd n.r.e.); Knight v. Texas Dept. of Public Safety, 361 S.W.2d
620, 623 (Tex. Civ. App.--Amarillo 1962, no writ). The case is then tried de novo in the county court and stands on the
docket as if it had been originally commenced in that court. Harter v. Curry, 105 S.W. 988 (Tex. 1907);Garza, slip op. at
4; Poole, 442 S.W.2d at 812-13. 

 Accordingly, when the plaintiff prevails in the justice court and the defendant appeals, it remains the plaintiff's burden on
trial de novo in the county court to further prosecute his suit, to again prove his case against the defendant, and to obtain a
new judgment. See Garza, slip op. at 3-4; Poole, 442 S.W.2d at 812-13; Knight, 361 S.W.2d at 623. Unlike an ordinary
appeal, the defendant/appellant in an appeal from justice court has no burden to prove error in the justice court or to
affirmatively disprove the appellee/plaintiff's case. Rather, the defendant "prosecutes her appeal" by properly perfecting
that appeal, filing a written answer, if not already filed, and later offering whatever defense she thinks necessary to rebut
evidence offered by the plaintiff in support of the claims in county court.

 If the appellant/defendant has failed to file a written answer to the plaintiff's complaint either in the justice court or the
county court, the plaintiff may take a default judgment against him in the county court. Tex. R. Civ. P. 753. However, a
trial court may not enter a default judgment when an answer is on file in either the justice court or the county court. Okpala
v. Coleman, 964 S.W.2d 698, 700 (Tex. App.--Houston [14th Dist.] 1998, no pet.).

 A post-answer "default" (i.e., failure of the defendant to appear at trial) constitutes neither an abandonment of defendant's
answer nor an implied confession of any issues. Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979); Jaramillo v.
Liberty Mut. Fire Ins. Co., 694 S.W.2d 585, 587 (Tex. App.--Corpus Christi 1985, writ ref'd n.r.e.). Accordingly, a
judgment cannot be entered on the pleadings, and the plaintiff in such cases must still appear and present evidence to
support his cause of action and prove his case as in a judgment upon trial. Stoner, 578 S.W.2d at 682;Jaramillo, 694
S.W.2d at 587.

 In the present case, Barbosa filed a written answer generally denying Cano's claims. Accordingly, even though Barbosa
failed to appear for trial, Cano was required to offer some proof of her claims at the trial de novo in the county court. 
Specifically, Cano was required to prove her claim of forcible detainer by showing that Barbosa, as her tenant, wilfully held
over after the termination of her right to possession of the 

premises, and that she refused to surrender possession of the property on proper written demand. See Tex. Prop. Code Ann.
§ 24.002 (Vernon Supp. 1999).

 However, at the hearing in county court, Cano presented no sworn testimony showing the elements of a forcible detainer. 
Cano did make unsworn representations to the court that Barbosa was behind in her rent and had refused to timely pay.
Nevertheless, even if we were to give some weight to these representations, they did not show a holding over or proper
demand for, or refusal to surrender, possession of the premises.

 Accordingly, as the justice court judgment is a nullity and Cano failed to offer proof of her claim in county court, she was
not entitled to judgment in county court. Nor could the dismissal of the lawsuit in county court act to restore the vacated
judgment of the justice court. See Harter, 105 S.W. at 988-89; Garza, slip op. at 4;Coleman v. Texas Dept. of Public
Safety, 639 S.W.2d 34, 37 (Tex. App.--Amarillo 1982, no writ); Advance Imports, Inc., 533 S.W.2d at 170-71; Poole, 442
S.W.2d at 812-13. Rather, dismissal by the county court should have left the matter standing as if no suit had been filed. 
Garza, slip op. at 4; Advance Imports, Inc., 533 S.W.2d at 170-71. We sustain Barbosa's point of error.



 We MODIFY the judgment of the county court to delete that portion that ordered Barbosa to vacate the premises. We
otherwise AFFIRM the judgment of dismissal.




 ____________________________________

 ROBERT J. SEERDEN, Chief Justice



Do not publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed this 

the 6th day of May, 1999.

1. Rule 749 provides for appeal of forcible entry and detainer cases to the county court by filing a bond "conditioned
that [appellant] will prosecute his appeal with effect, or pay all costs and damages which may be adjudged against him."
Alternately, as in the present case, appellant may perfect appeal by filing a pauper's affidavit under Rule 749a.