In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-012 CV


____________________



RONALD ROGERS, Appellant



V.



GAYLE CREEL, Appellee






On Appeal from the First District Court


Jasper County, Texas


Trial Cause No. 26,565






MEMORANDUM OPINION



 Appellant Ronald Rogers ("Rogers") appeals from the trial court's order finding
him unqualified to serve as executor of the estate of Louise H. Rogers ("Louise") and
appointing appellee Gayle Creel ("Creel") dependent administrator with the will annexed. 
We reverse and remand for further proceedings consistent with this opinion.



Background


 Louise Rogers died testate. Louise's will named Rogers as independent executor. (1) 
Rogers, a resident of Florida, filed an "Application for Probate of Will and Issuance of
Letters Testamentary." Creel filed an opposition to the appointment of Rogers as executor,
in which he simply asserted Rogers "is not qualified to serve as such." Creel also filed
his own "Application for Appointment of Dependent Administrator and Application for
Letters of Administration With Will Annexed."

 Rogers filed a pleading entitled "Appointment of Resident Agent to Accept
Service," in which he designated his attorney "as his resident agent to accept service of
process in all actions or proceedings with respect to the Estate[.]" Rogers then filed an
amended application for probate of will and issuance of letters testamentary, in which he
asserted he is not disqualified by law from serving as executor and has designated his
attorney "to accept service of all papers and notices." Rogers also filed a pleading entitled
"Response to Gayle Creel's Pleadings and Motion to Dismiss," in which he asserted he
is qualified to serve as executor, but Creel is not.

 At the hearing on the applications for probate and issuance of letters, Rogers
testified he has appointed his attorney, who resides in Houston, to accept service on his
behalf. Creel testified he objected to Rogers's appointment as independent executor
because Rogers is not a resident of Texas. The trial court issued a letter ruling, in which
it stated, without revealing its reasoning, that it denied Rogers's application and granted
Creel's application. Subsequently, the trial court entered an "Order Appointing Dependent
Administrator and Authorizing Letters of Administration With Will Annexed," in which
it found that Rogers "is not qualified to serve as independent executor" and appointed
Creel dependent administrator with the will annexed. Rogers then filed this appeal.

Rogers's First Issue


 In his first issue, Rogers asserts the trial court abused its discretion by denying his
application for letters testamentary and appointing Creel as dependent administrator,
despite the fact that Louise's will named Rogers as executor. The Texas Probate Code
provides as follows:

 § 77. Order of Persons Qualified to Serve


 Letters testamentary or of administration shall be granted to persons who are
qualified to act, in the following order:


 (a) To the person named as executor in the will of the deceased.


 (b) To the surviving husband or wife.


 (c) To the principal devisee or legatee of the testator.


 . . . .

Tex. Prob. Code Ann. § 77 (Vernon 2003) (emphasis added). The statute gives the
highest priority to the person named in the will as executor. See id. Furthermore, it is
well settled that a testatrix possesses the right to select the independent executor of her
choice. Boyles v. Gresham, 158 Tex. 158, 309 S.W.2d 50, 53 (1958); In re Estate of
Roots, 596 S.W.2d 240, 243 (Tex. Civ. App.--Amarillo 1980, no writ). A trial court has
no discretion to refuse to issue letters testamentary to a person who is named as executor
and applies for the letters within the statutorily-prescribed time unless the executor is
disqualified from serving. Sales v. Passmore, 786 S.W.2d 35, 36-37 (Tex. App.--El Paso
1990, writ dism'd by agr.). The Probate Code also provides as follows:

 § 78. Persons Disqualified to Serve as Executor or Administrator

 No person is qualified to serve as an executor or administrator who is:


 . . . .

 

 (c) A non-resident (natural person or corporation) of this State who has
not appointed a resident agent to accept service of process in all
actions or proceedings with respect to the estate, and caused such
appointment to be filed with the court[.]


 . . . .


 (e) A person whom the court finds unsuitable.

 

Tex. Prob. Code Ann. § 78 (Vernon 2003) (emphasis added).

 Because Rogers filed a pleading with the trial court designating an agent for service
of process in all matters relating to the estate, his status as a non-resident of Texas did not
disqualify him from serving as executor of Louise's estate. (2) See id. Aside from Rogers's
status as a non-resident, no other evidence was before the trial court regarding his
qualifications or suitability to serve as executor. Therefore, the trial court had no
discretion to refuse to issue letters testamentary to Rogers, who was named as executor in
the will and was not disqualified. See Sales, 786 S.W.2d at 36-37. We find the trial court
abused its discretion by denying Rogers's application for probate of the will and issuance
of letters testamentary. See generally Monson v. Betancourt, 818 S.W.2d 499, 500 (Tex.
App.--Corpus Christi 1991, no writ) (Trial court erred in failing to grant letters
testamentary to person named as executor in the will when "[t]here was no evidence before
the trial court to permit it to do otherwise."). Issue one is sustained. (3) We reverse the trial
court's order and remand for further proceedings consistent with this opinion. 

 REVERSED AND REMANDED.


 

 STEVE McKEITHEN

 Chief Justice

Submitted on May 25, 2006

Opinion Delivered June 15, 2006

Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Rogers is Louise's stepson. Creel is Louise's biological son. 
2. Creel does not complain that Rogers's designation of an agent for service of
process was defective or inadequate. 
3. Because we sustain Rogers's first issue, we need not address his other issues, as
they would result in no greater relief.