Opinion issued March 21, 2013.



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00098-CV

————————————

## MAXINE ADAMS AND CECIL ADAMS, Appellants

## V.

## REBECCA ROSS, Appellee

On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Case No. 980231

## MEMORANDUM OPINION

Rebecca Ross brought a forcible detainer action against Maxine and Cecil Adams in justice court seeking possession of certain real property in Bellaire, Texas. The justice court entered a default judgment in favor of Ross. The Adamses

filed a petition for bill of review in the county court at law. After a de novo bench trial, Ross again prevailed. The Adamses appeal the county court's judgment in favor of Ross, contending that the county court lacked jurisdiction to conduct a de novo trial and to render judgment and, alternatively, that the county court erred by refusing to consider the merits of the Adamses' claims as part of the bill of review proceedings and by awarding Ross sanctions. We reverse and render judgment dismissing the cause in the county court for want of jurisdiction.

## Background

The Adamses leased a home from Ross. In February 2010, Ross sought to evict the Adamses from the home in a forcible detainer proceeding. Ross's petition alleged that the Adamses failed to pay rent and refused to surrender the property by removing their personal belongings and turning over certain utilities. The Adamses did not answer Ross's petition or otherwise appear in the forcible detainer action. On March 9, 2010, the justice court entered a default judgment and writ of possession in Ross's favor.

The Adamses did not appeal the judgment de novo to the county court at law; instead, more than three months after the justice court rendered judgment, the Adamses filed a petition for bill of review in the justice court, alleging that Ross had committed fraud and that the Adamses had meritorious defenses to the forcible detainer action. The justice court denied the bill of review on November 9, 2010,

2

and the Adamses again failed to perfect an appeal of the justice court's ruling to the county court.

In lieu of an appeal, the Adamses filed an original petition for bill of review in the county court on December 6, 2010, which was twenty-seven days after the justice court denied the same relief. On February 3, 2011, the county court granted the bill of review petition, set aside the justice court's judgment, and, the same day, proceeded to a bench trial on the issue of possession. Ross again prevailed in the de novo bench trial, and the county court awarded her possession of the property, lost rent, attorney's fees, and sanctions. One month later, the county court signed an amended judgment awarding Ross the same relief, and the Adamses appealed.

## Jurisdiction

Although they petitioned the county court for relief from the justice court's default judgment, the Adamses assert a number of challenges to the county court's subject-matter jurisdiction in the bill of review proceeding. Specifically, the Adamses argue that the county court lacked subject-matter jurisdiction in the bill of review proceeding because (1) the Adamses did not perfect an "eviction suit appeal" from the justice court's default judgment and (2) there was no "existing controversy on the issue of possession" at the time of the de novo bench trial. We focus on the Adamses' first argument because it is dispositive of this appeal.

3

The existence of subject-matter jurisdiction is a threshold issue. Because "[a]ppellate court jurisdiction of the merits of a case extends no further than that of the court from which the appeal is taken," the determination of whether the county court had jurisdiction affects this Court's jurisdiction. *Dallas Cnty. Appraisal Dist. v. Funds Recovery, Inc.*, 887 S.W.2d 465, 468 (Tex. App.—Dallas 1994, writ denied) (citing *Pearson v. State*, 315 S.W.2d 935, 938 (Tex. 1958)). If the county court lacked jurisdiction, this Court only has jurisdiction to set the judgment aside and dismiss the cause in the county court. *Id.* Whether the county court had subject-matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).

A suit for forcible detainer is brought to determine who—landlord or tenant—has the right to immediate possession of real property. *See* TEX. R. CIV. P. 746; *Marshall v. Housing Auth.*, 198 S.W.3d 782, 787 (Tex. 2006). Justice courts and, on appeal, county courts have jurisdiction of forcible detainer suits. *See* TEX. PROP. CODE ANN. § 24.004 (West Supp. 2012); TEX. GOV'T CODE ANN. § 27.031(a)(2) (West Supp. 2012); TEX. R. CIV. P. 749. A suit for forcible detainer brought in justice court is intended to provide a fast, simple, and inexpensive method for a landlord to regain possession of real property from a tenant who refuses to relinquish possession. *Marshall*, 198 S.W.3d at 787; *McGlothlin v.*

4

*Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984); *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.).

Generally, there are two methods of obtaining relief from the judgment of a justice court: (1) by appeal and (2) by writ of certiorari. *See* TEX. R. CIV. P. 571, 573 (appeals from justice court); TEX. R. CIV. P. 575−91 (certiorari from justice court); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.002 (West 2008) (certiorari from justice court). However, because a forcible detainer suit is a "special proceeding," it is "governed by the special statutes and rules applicable thereto." *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 434 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (noting that rules of civil procedure "ensure the speedy, summary, and inexpensive nature of forcible-entry and forcible-detainer suits"). The only method of obtaining relief from the county court in a forcible detainer suit is by appeal. *See* TEX. R. CIV. P. 749 (appeals in forcible detainer cases); *see also Cattin v. Highpoint Village Apartments*, 26 S.W.3d 737, 739 (Tex. App.—Fort Worth 2000, pet. dism'd w.o.j.) (explaining that appeal in forcible detainer action is by trial de novo in county court); *Mullins v. Coussons*, 745 S.W.2d 50, 50 (Tex. App.—Houston [14th Dist.] 1987, no writ) (noting that perfection of appeal to county court from justice court for trial de novo vacates and annuls judgment of justice court); *Poole v. Goode*, 442 S.W.2d 810, 812 (Tex. App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.) (same). Rule 749, the rule of

5

civil procedure that governs appeals in forcible detainer cases, provides in pertinent part:

> Either party may appeal from a final judgment in [a forcible detainer case], to the county court of the county in which the judgment is rendered by filing with the justice within five days after the judgment is signed, a bond to be approved by said justice, and payable to the adverse party, conditioned that he will prosecute his appeal with effect, or pay all costs and damages which may be adjudged against him.

TEX. R. CIV. P. 749.

The record here does not indicate, and no party contends, that the Adamses filed an appeal bond within five days of the judgment. Thus, there is no dispute that the county court did not acquire jurisdiction over the case under rule 749. *See Winrock Houston Assocs. Ltd. P'ship v. Bergstrom*, 879 S.W.2d 144, 150 (Tex. App.—Houston [14th Dist.] 1994), *superseded on other grounds by rule as stated in Glassman v. Goodfriend*, 347 S.W.3d 772, 781 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (holding that county court did not acquire jurisdiction under rule 749 when appellant did not perfect appeal within five-day deadline); *Wetsel v. Fort Worth Brake, Clutch & Equip., Inc.*, 780 S.W.2d 952, 954 (Tex. App.—Fort Worth 1989, no writ) (stating, "If an appeal bond is not filed within five days from the date of the judgment as required by Rule 749, the county court at law is without jurisdiction to review the justice court's action.").

6

But our jurisdictional inquiry does not end there. More than four months after the justice court rendered judgment, the Adamses challenged the judgment in the justice court by petition for bill of review, which the justice court denied. Instead of filing a bond to perfect a direct appeal of the justice court's ruling, the Adamses instituted a new proceeding by filing an original petition for bill of review in the county court, which that court granted. The county court therefore determined that Ross should prevail on the issue of possession and awarded her damages, attorney's fees, and sanctions in a bill of review proceeding, not as part of an unperfected appeal. Accordingly, we consider whether the county court had jurisdiction to set aside the justice court's judgment in the bill of review proceeding.

We conclude that the county court did not acquire jurisdiction to set aside the judgment of the justice court upon the filing of the Adamses' bill of review petition in that court for two reasons. First, a bill of review must be filed in the same court that rendered the judgment under attack. *See Rodriguez ex rel. Rodriguez v. EMC Mortg. Corp.*, 94 S.W.3d 795, 797 (Tex. App.—San Antonio 2002, no pet.). Second, the Adamses' petition in the county court cannot be construed as an instrument that perfected an appeal of the justice court's ruling. To challenge the judgment of a justice court by appeal, a party must file a bond or an affidavit of inability to pay the costs of appeal. *See* TEX. R. CIV. P. 571−73

7

(requiring appellant from justice court to file appeal bond or affidavit of inability to pay within certain prescribed periods); TEX. R. CIV. P. 749 (requiring appellant in forcible detainer case to file appeal bond within five days of judgment). This is a jurisdictional element of a valid appeal to the county court, and the record does not establish that the Adamses filed either a bond or an affidavit of inability to pay the costs of an appeal to the county court. *See, e.g.*, *Wetsel*, 780 S.W.2d at 954 (affirming dismissal of appeal in forcible entry and detainer case when appeal bond was not timely filed).

Because the Adamses (1) did not perfect an appeal of either the judgment of the justice court or that court's denial of their bill of review and (2) could not challenge the justice court's judgment by filing a new bill of review proceeding in the county court, we hold that the county court lacked subject-matter jurisdiction to decide Ross's forcible detainer action. Accordingly, we reverse the judgment of the county court and render judgment dismissing the cause in the county court for want of jurisdiction.[1] All outstanding motions are dismissed as moot.

---

[1] Having held that the county court lacked jurisdiction, we do not reach the Adamses' other issues on appeal. *See* TEX. R. APP. P. 47.1.

8

Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.