**Lee A. MARTINEC et al., Appellants,**

v.

**Peter MANERI et ux., Appellees.**

**No. 15136.**

Court of Civil Appeals of Texas,
San Antonio.

May 9, 1973.

Jack Paul Leon, San Antonio, for appellants.

Dibrell, Dotson & Dibrell, San Antonio, for appellees.

CADENA, Justice.

Defendants, Lee A. Martinec, E. Edward Batten and Total Design, Inc., a Texas corporation, appeal from a default judgment rendered against them awarding plaintiffs, Peter Maneri and wife, the sum of $12,138.70, representing the amount of loans allegedly made by plaintiffs to defendants.

After plaintiffs filed a motion reciting that it was impractical to effectuate personal services on defendants, the trial court authorized service by delivery of a copy of the citation, with plaintiffs' petition attached, to any person over the age of sixteen at the usual place of abode of defendants, as permitted by Rule 106.[1] The transcript contains officer's returns showing such service was had upon defendants Martinec and Batten.[2]

On April 7, 1972, four days prior to the entry of the default judgment all three defendants filed an instrument captioned "Plea in Abatement." This instrument was signed by an attorney other than counsel representing defendants on this appeal.

The "plea in abatement" alleges that (1) plaintiffs' petition alleges only conclusions of law and is, therefore, ". . . inadmissible without sworn affidavits to the contrary"; (2) plaintiffs' petition is unverified; (3) the court lacks ". . . jurisdiction over this [plaintiffs'] alleged Pleading because Paragraph III is vague, passive and indifferent and fails to allege anything of a fact nature . . ."; (4) plaintiffs' petition is "invalid" because ". . . it fails to designate and serve the agent representing Total Design, Inc., therefore such corporation has not been properly served and should be considered a non-existant [sic] party . . ."; (5) there is not attached to the petition a written statement of the account sued on, signed by all the parties and sworn to by plaintiffs and, as a result, since defendants have

". . . not received any such aforementioned papers . . . the Plaintiff's Motion under Rule 106 is invalid"; (6) ". . . such service was not had . . ." and defendants ". . . are therefore not required to file an answer."

On April 11, 1972, the court entered default judgment in favor of plaintiffs. The judgment was not based on the fact that defendants, after being notified that the case had been set for trial, had failed to appear. The default judgment recites that it is based on the fact that defendants, ". . . though duly, legally, and regularly cited according to law to answer herein, failed to answer and wholly made default."

Rule 239 authorizes entry of a default judgment only if defendant ". . . has not previously filed an answer. . . ." If the instrument filed by defendants prior to the rendition of the default judgment constitutes an "answer," however inartistically drawn, then the judgment by default was improperly entered.

■ It appears to be settled that it is error to render a default judgment against a party who has a pleading on file, even though the pleading be defective. 33 Tex. Jur.2d, Judgments, Section 120. Thus, in Stanford v. Lincoln Tank Co., 421 S.W. 2d 412 (Tex.Civ.App.—Fort Worth 1967, no writ), it was held that the filing of an unverified sworn denial was sufficient to prevent judgment by default, even though under Rule 93(k) defendant was required to file a sworn denial. Our Supreme Court has held that it is improper to render judgment by default even in a case where the trial court has correctly ordered the answer of defendant stricken. Knox v. Long, 152 Tex. 291, 257 S.W.2d 289, 296 (1953).

■ The instrument filed by defendants here must be considered an "answer" filed

---

1. All Rule references are to Texas Rules of Civil Procedure (T.R.C.P.).

2. There is nothing in the record to indicate that service was ever had on the corporate defendant, Total Design, Inc.

「956」

prior to the date the default judgment was rendered. At the very least, it must be considered as questioning the sufficiency of plaintiffs' pleadings because such pleadings are unverified. Whether this challenge to the pleadings was sound or not is beside the point. The challenge is in the nature of a special exception, and we know of no decision or rule authorizing the court to pretend it was not there.

Plaintiffs call our attention to the fact that the court expressly found that defendants had failed to file an answer. However, this recital in the judgment is nothing more than a finding or conclusion such as those made under Rule 296. Since we have concluded that the instrument filed by defendants constitutes an "answer," the finding that they had failed to answer is an erroneous finding apparent on the face of the record. Stanford v. Lincoln Tank Co., supra, 421 S.W.2d at 413.

The judgment of the trial court is reversed and the cause is remanded.