SANTEX ROOFING & SHEET METAL, INC., Appellant,

v.

VENTURE STEEL, INC., Appellee.

No. 04–86–00469–CV.

Court of Appeals of Texas, San Antonio.

July 31, 1987.

Lance E. Houghtling, San Antonio, for appellant.

Wm. Richard Davis, San Antonio, for appellee.

Before CADENA, C.J., and BUTTS, and CHAPA, JJ.

## OPINION

CHAPA, Justice.

This appeal concerns the validity of a default judgment rendered in favor of Venture Steel, Inc. (Venture) and against Santex Roofing Sheet Metal, Inc. (Santex). The single issue is whether a certain letter filed by Santex on February 5, 1986 should be considered an answer, which would make the default judgment improper. We reverse the judgment.

It is uncontested that the letter of February 5, 1986 was on file prior to the granting of the default judgment. The contents of the letter are as follows:

SANTEX ROOFING AND SHEETMETAL, INC.
6625 Topper Parkway
San Antonio, Texas 78233
February 4, 1986
Honorable District Court of Bexar County
288th Judicial District of Texas
Court House
Main Plaza
San Antonio, Texas 78205
RE: suit no. 85 Ci–22013
To Whom it May Concern:
We did and do owe Venture Steel $8,649.74 for metal that we bought from them to be installed on roofs. They came by our office on 11/1/85 and asked if we could pay our bill in full at that time as they too were having trouble financially. We were supposed to be getting a business loan (we still have not received the loan) and we were and still are unable to pay the full amount without the loan or until our business picks up. They asked us if we would sign a note so they would have something to show to their bankers. We agreed. In the meantime two builders we installed metal roofs for using metal we purchased from Venture Steel called to say that the metal on the roofs was going bad. They wanted us to come out and do something about it. We called Venture Steel and asked if one of their representatives would go out and look at the metal. As of this date they have not responded. If these roofs have to be replaced, the cost for the two of them will be approximately $19,085.00. We have every intention of paying Venture Steel for the metal we bought, however we would like them to at least go out and look at the metal on these roofs to satisfy our builders.
Sincerely,
SANTEX ROOFING AND SHEETMETAL, INC.
Karen Nauert
Secretary/Treasurer
cc: file

■ TEX.R.CIV.PROC.ANN. 239 provides that a plaintiff may take a default judgment anytime after a defendant is required to answer "if he [defendant] has not previously filed an answer." It is well settled that a default judgment rendered when an answer is on file is error. *Terehkov v. Cruz*, 648 S.W.2d 441 (Tex.App.—San Antonio 1983, no writ); *Corsicana Ready Mix v. Trinity Metroplex Division, General, Portland, Inc.*, 559 S.W.2d 423 (Tex.Civ.App.—Dallas 1977, no writ).

■ Texas courts have always been reluctant to uphold a default judgment without notice where some response from the defendant is found in the record. As early as 1897, in *State v. Patterson*, 40 S.W. 224 (Tex.Civ.App.1897, no writ) the court construed the term "answer" as a "written pleading of some character." The Texas Supreme Court has held that it is improper to render judgment by default even in a case where the trial court has correctly ordered the answer of the defendant stricken. *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289, 296 (1953). In *Stanford v. Lincoln Tank Co.*, 421 S.W.2d 412 (Tex. Civ.App.—Fort Worth 1967, no writ), it was held that even under circumstances where Rule 93(k) required the filing of a sworn denial by the defendant, a filing of an unverified answer would prevent a default judgment. The Texas Supreme Court in *Stone v. Lawyers Title Insurance Corp.*,

554 S.W.2d 183 (Tex.1977) held that pleadings would be construed liberally in favor of the pleader, where there have been no special exceptions filed.

In *Martinec v. Maneri*, 494 S.W.2d 954 (Tex.Civ.App.—San Antonio 1973, no writ), this court held that a "plea in abatement" filed by the defendants which set out reasons why the defendants were "not required to file an answer" should be considered an "answer" which would prevent a default judgment. One of the reasons enumerated by the defendants was that "plaintiff's petition is unverified." In rendering it's decision, Chief Justice Cadena stated:

> It appears to be settled that it is error to render a default judgment against a party who has a pleading on file, even though the pleading be defective.
>
> \*     \*     \*     \*     \*     \*
>
> ... At the very least, it [plea in abatement] must be considered as questioning the sufficiency of plaintiff's pleadings because, such pleadings are unverified. Whether the challenge to the pleadings was sound or not is beside the point. The challenge is in the nature of a special exception, and we know of no decision or rule authorizing the Court to pretend it was not there.

*Martinec v. Maneri*, 494 S.W.2d at 955–56.

In *Terehkov v. Cruz*, 648 S.W.2d 441 (Tex.App.—San Antonio 1983, no writ) this Court, again speaking through Chief Justice Cadena, held that two letters filed by the defendant should be considered answers and would suffice to prevent a default judgment.

The second letter filed by the defendant stated: "Moreover, the plaintiff himself has made no statements under oath specifying the allegations." As to this averment, the Court stated:

> ... As in *Martinec v. Maneri, supra,* defendant's second letter to the court, at the very least, is in the nature of a special exception and must also be considered a challenge to the sufficiency of plaintiff's unverified petition. The fact that defendant's 'answer' omits certain formalities required by the rules of procedure does not necessarily render the

answer ineffective so as to entitle the plaintiff to a default judgment. *Fidelity & Casualty Co. of New York v. Lopatka,* 24 Tex.Civ.App. 536, 60 S.W. 268 (Tex.Civ.App.1900, no writ history); *Reitmeyer v. Charm Craft Publisher,* 619 S.W.2d 441 (Tex.Civ.App.—Waco 1981, no writ history). The proper practice is for plaintiff to except to the answer or move to strike, before taking a judgment by default for want of an answer. *Fidelity & Casualty Co. of New York v. Lopatka, supra.* While the letters were not properly designated 'answers', the instruments contained defendant's signature and address and were timely filed.

*Terehkov v. Cruz,* 648 S.W.2d at 443.

In the case at bar, 1) as in *Patterson,* Santex filed a letter which was a "written pleading of some character"; 2) as in *Stone,* Santex's letter must be liberally construed as pleadings in that no special exceptions were filed; 3) as in *Terehkov,* the fact that Santex's letter may have omitted certain formalities required by the rules did not necessarily render the answer ineffective; 4) as in *Martinec* and *Terehkov,* Santex's letter was in the nature of a cross-claim and no rule authorizes this court to pretend it does not exist; and 5) as in *Terehkov,* Santex's letter was signed by Santex's secretary/treasurer, contained their address, and was timely filed.

We note that a careful review of Venture's brief fails to disclose a single citation which upholds their contention. As suggested by the courts, Venture should have either filed special exceptions or a motion to strike the questioned answer before resorting to a default judgment without notice. We hold the letter suffices to prevent a default judgment.

The judgment is reversed and the cause is remanded.