**LEVADA HUGHES AND OCCUPANTS,**
Appellant,

v.

**HABITAT APARTMENTS, Appellee.**

No. 05–92–00085–CV.

Court of Appeals of Texas,
Dallas.

Dec. 11, 1992.

Robert W. Dogget, Dallas, James B. Pinson, Austin, Theresa M. Moyed, Dallas, for appellant.

C. Bryan Dunklin, Arch A. Beasley, Dallas, for appellee.

Before KAPLAN,[1] WIGGINS, and WHITHAM,[2] JJ.

## OPINION

WIGGINS, Justice.

This is an appeal from a default judgment in a forcible detainer action. LeVada Hughes contends that the trial court erred in rendering a default judgment and failing to grant a new trial because: (1) she made an appearance before the default judgment was taken; (2) she was denied due process and due course of law when she was not given proper notice prior to the entry of the default judgment; and (3) her failure to file a formal

---

1. The Honorable Jeff Kaplan, Justice, participated in this cause at the time it was submitted for decision. Due to Justice Kaplan's leaving office on November 20, 1992, he did not participate in the issuance of this opinion.

2. The Honorable Warren Whitham, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

written answer was due to a mistake of law, not conscious indifference. We overrule appellant's points of error and affirm the trial court's judgment.

## PROCEDURAL BACKGROUND

Habitat Apartments sued LeVada Hughes in the justice court for possession of the premises due to non-payment of rent. Both parties appeared pro se. Hughes did not file a written answer but orally denied Habitat's allegations. The justice court entered a judgment in favor of Habitat.

Hughes appealed the judgment to the county court for a trial de novo. She executed an affidavit of inability in lieu of appeal bond and an affidavit of inability to pay court costs. These affidavits were filed in the justice court and included in the transcript forwarded to the county court. The transcript was filed on December 12, 1991. The county clerk sent Hughes a letter advising the "necessity to file a written answer in the County Court when the defendant had pleaded orally (did not file an answer) in the Justice Court." The letter referenced Rule 751 of the Texas Rules of Civil Procedure. Hughes testified that she did not receive the letter. She did not file a written answer in the county court.

On December 30, 1991, Habitat notified Hughes by certified mail that the case was set for trial in the county court on January 6, 1992. The very next day, without notice to Hughes, counsel for Habitat obtained a default judgment. The court awarded Habitat possession, back rent, and attorney's fees. Hughes obtained the assistance of pro bono counsel and filed two motions for new trial. The court denied both motions. This appeal follows.

## APPEARANCE IN THE COUNTY COURT

Hughes first contends that the trial court erred in granting a default judgment because there were written documents on file sufficient to constitute an appearance in the county court. Specifically, Hughes asserts that the affidavit of inability in lieu of appeal bond and affidavit of inability to pay court costs filed in the justice court constitute an answer.

### 1. Applicable Law

■ A default judgment may be taken in a forcible detainer action appealed to the county court if the defendant made no answer in writing in the justice court and failed to file a written answer within eight full days after the transcript was filed in the county court. TEX.R.CIV.P. 753. A trial court may not enter a default judgment when an answer is on file in either the justice court or the county court. *Santex Roofing & Sheet Metal, Inc. v. Venture Steel, Inc.*, 737 S.W.2d 55, 56 (Tex.App.—San Antonio 1987, no writ); *Corsicana Ready Mix v. Trinity Metroplex Div., Gen., Portland, Inc.*, 559 S.W.2d 423, 424 (Tex.Civ.App.—Dallas 1977, no writ).

■ Generally, courts are reluctant to uphold a default judgment where any response from the defendant is found in the record. *See Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex.1992); *Santex*, 737 S.W.2d at 56. A responsive pleading must be liberally construed in the absence of special exceptions. *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183 (Tex.1977); *Santex*, 737 S.W.2d at 56–57. However, an answer must contain sufficient information to place in issue the claims made the basis of the suit. *See Terehkov v. Cruz*, 648 S.W.2d 441, 443 (Tex.App.—San Antonio 1983, no writ); *Martinec v. Maneri*, 494 S.W.2d 954, 955 (Tex.Civ.App.—San Antonio 1973, no writ).

### 2. Application of Law to the Facts

■ We reject Hughes' argument that her pauper's affidavits were sufficient to constitute an answer in the county court. An affidavit of inability in lieu of appeal bond and affidavit of inability to pay court costs cannot be construed as responsive pleadings even under the most liberal rules of construction. These documents do not place in issue any of the allegations made the basis of Habitat's forcible detainer action. *Cf. Lippmann*, 826 S.W.2d at 138 (letter signed by pro se defendant acknowledged receipt and acceptance of petition and citation); *Martinec*, 494 S.W.2d at 955 (plea in abatement set forth reasons why defendant was not required to file written answer); *Stan-*

*ford v. Lincoln Tank Co.*, 421 S.W.2d 412, 413 (Tex.Civ.App.—Fort Worth 1967, no writ) (defendant filed written answer that did not comply with the rules). Rather, Hughes filed the pauper's affidavits on her own initiative to perfect an appeal of the judgment entered in the justice court.

■ Moreover, the procedural requirements for appealing forcible detainer actions negate any conclusion that a pauper's affidavit may constitute a written answer. In order to appeal an adverse judgment rendered in the justice court, a defendant must post an appeal bond or file an affidavit of inability to pay costs. TEX.R.CIV.P. 749 and 749a. If the defendant pleaded orally in the justice court, the clerk must advise the defendant of the necessity for filing a written answer in the county court. TEX.R.CIV.P. 751. The clerk has no duty to advise the defendant of the necessity of filing a written answer until the appeal has been perfected and the transcript received in the county court. If a written answer is not made within eight full days after the transcript is filed, a default judgment may be entered in the county court case. TEX.R.CIV.P. 753. If pauper's affidavits were sufficient to constitute a written answer in the county court, the rules would not require the clerk to notify the defendant of the need to file a written answer after receiving the pauper's affidavits. Moreover, if pauper's affidavits were sufficient to constitute a written answer, this would effectively preclude the entry of default judgments in indigent appeals. Clearly, this was not the intent of the Supreme Court when drafting this rule.

We hold that the affidavits filed by Hughes in the justice court did not constitute a written answer in the county court. We overrule the first and second points of error.

## NOTICE OF DEFAULT PROCEEDINGS

Hughes next contends that she was denied due process and due course of law when she was not given prior notice of the default proceeding.

### 1. Applicable Law

■ A defendant who makes an appearance in a case is entitled to notice of a default judgment proceeding. *LBJ Oil Co. v. Int'l Power Services, Inc.*, 777 S.W.2d 390, 390–91 (Tex.1989). The failure to provide notice of a trial setting constitutes a violation of due process under the fourteenth amendment to the U.S. Constitution. *Peralta v. Heights Medical Ctr., Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988); *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex.1988). Additionally, the rules of procedure require that notice of all hearings be provided to any party who has made an appearance in a case. TEX. R.CIV.P. 21a; *Matsushita Elec. Corp. of Am. v. McAllen Copy Data, Inc.*, 815 S.W.2d 850, 852–53 (Tex.App.—Corpus Christi 1991, writ denied).

### 2. Application of Law to the Facts

■ Hughes contends that she was entitled to notice of the hearing on Habitat's oral motion for a default judgment. However, the validity of this argument depends on the resolution of Hughes' claim that the paupers' affidavits filed in the justice court constitute an answer in the county court. We have previously held that the affidavit of inability in lieu of appeal bond and affidavit of inability to pay court costs did not constitute a written answer in the county court. Since Hughes did not make an appearance in the county court case, she was not entitled to prior notice of the default proceeding. We overrule the third and fourth points of error.

## FAILURE TO GRANT MOTION FOR NEW TRIAL

Finally, Hughes contends that the trial court erred in denying her motion for new trial. She asserts that her failure to file a formal answer was due to mistake of law, not conscious indifference. Specifically, she asserts that she appeared pro se until the time the default judgment was entered and was not familiar with the rule 751 requirement that she file a formal and separate written answer in the county court.

### 1. Applicable Law

■ The decision whether to grant or deny a motion for new trial is left to the sound discretion of the trial court and will be

overturned only upon a showing of an abuse of discretion. *Bank One, Texas, N.A. v. Moody,* 830 S.W.2d 81, 85 (Tex.1992); *Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex.1984). In reviewing the judgment of the trial court where there are no findings of fact and conclusions of law filed, the judgment must be upheld on any legal theory that finds support in the evidence. *Strackbein,* 671 S.W.2d at 38.

A trial court may set aside a default judgment and order a new trial in any case in which: (1) the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided (2) the motion for a new trial sets up a meritorious defense; and (3) is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Moody,* 830 S.W.2d at 82–83; *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W. 124, 126 (1939). It is the movant's burden to negate the existence of conscious indifference. *First Nat'l Bank v. Peterson,* 709 S.W.2d 276, 278 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). The failure to file a written answer due to alleged ignorance of the law amounts to evidence of conscious indifference. *Johnson v. Edmonds,* 712 S.W.2d 651, 653 (Tex.App.—Fort Worth 1986, no writ) (defendant's failure to timely file an answer because he allegedly did not understand the nature of the citation served upon him held to constitute conscious indifference). *See also First Nat'l Bank v. Peterson,* 709 S.W.2d 276, 278–79 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (defendant's failure to take action after receiving a writ of garnishment because employees did not understand that a written answer was required held to constitute conscious indifference); *Butler v. Dal Tex Mach. & Tool Co.,* 627 S.W.2d 258, 260 (Tex.App.—Fort Worth 1982, no writ) (defendant's failure to take action after receiving writ of garnishment because he did not understand the citation and believed that he would be notified at a later date of the time of his court appearance held to constitute conscious indifference). This is not to say that inaction due to alleged ignorance requires a finding of conscious indifference in every instance. *See Moody,* 830 S.W.2d at 84–85 (defendant's failure to answer because he believed that it was a sufficient answer to freeze the subject accounts was held to be a mistake of law); *Angelo v. Champion Restaurant Equip. Co.,* 713 S.W.2d 96, 97 (Tex.1986) (defendant's failure to file answer because he mistakenly believed that paying the underlying claim was a sufficient response to the suit was held to be a mistake of law).

We also note that pro se litigants are held to the same standards as licensed attorneys and that they must comply with applicable laws and rules of procedure. *Kimmell v. Leoffler,* 791 S.W.2d 648, 652 (Tex.App.—San Antonio 1990, writ denied). If pro se litigant were not required to comply with the applicable procedural rules, they would be given an unfair advantage over litigants represented by counsel. *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184–85 (Tex.1978).

## 2. Application of Law to the Facts

Habitat obtained a default judgment because Hughes failed to file a written answer in the county court. Hughes asserts that she did not know that she needed to file a formal answer. She testified that she never received a letter from the clerk of the county court advising her that she had to file a written answer. Nevertheless, rule 751 clearly requires a defendant to file a written answer in the county court if one was not filed in the justice court. Hughes's failure to file a written answer due to alleged ignorance of the law amounts to evidence of conscious indifference. *Johnson,* 712 S.W.2d at 653; *Peterson,* 709 S.W.2d at 278–79; *Butler,* 627 S.W.2d at 260. We cannot conclude that the trial court abused its discretion in denying Hughes' motion for new trial. We overrule the fifth point of error.

The judgment of the trial court is affirmed.