Francis v. Francis 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-198-CV

     BRENDA F. FRANCIS,
                                                                                              Appellant
     v.

     MONTY E. FRANCIS,
                                                                                         Appellee

From the County Court at Law
McLennan County, Texas
Trial Court # 950061 CV1
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Brenda Francis appealed from a judgment in the amount of $11,763.10 awarded to Monty
Francis as compensation for damages to Monty's car after they were involved in a car wreck. The
transcript was filed in this court on June 12, 1995, but no statement of facts has been filed. Tex.
R. App. P. 54(a), 83. Although Brenda's brief was due on July 12, no appellant's brief has been
filed. Id. 74(k). Appellate Rule 74(l)(1) provides:
Civil Cases. In civil cases, when the appellant has failed to file his brief in the time
prescribed, the appellate court may dismiss the appeal for want of prosecution, unless
reasonable explanation is shown for such failure and that appellee has not suffered
material injury thereby. The court may, however, decline to dismiss the appeal,
whereupon it shall give such direction to the cause as it may deem proper.
Id. 74(l)(1).
      More than thirty days have passed since the Brenda's brief was due. We notified her of this
defect by letter on October 24. Id. 60(a)(2), 83. She responded to our letter by checking out the
transcript and holding it until we ordered her to return it to our clerk. After she returned the
transcript, she filed a document entitled "Defendant's Original Answer," which is a replica of her
original answer filed in the trial court, a letter addressed to this court that alleges she cannot afford
to hire an attorney to prosecute this appeal, and a document purporting to show that Monty did
not own the damaged car. 
      Brenda has failed to show a reasonable explanation for failing to timely file her brief. Id.
74(l)(1). "Litigants who represent themselves must comply with the applicable procedural rules
. . . ." Mansfield State Bank v. Cohn, 573 S.W.2d 181, 185 (Tex. 1978); Levada Hughes and
Occupants v. Habitat, 880 S.W.2d 5, 9 (Tex. App.—Dallas 1992, no writ); Stum v. Stum, 845
S.W.2d 407, 414 (Tex. App.—Fort Worth 1992, no writ); Kimmell v. Leoffler, 791 S.W.2d 648,
652 (Tex. App.—San Antonio 1990, writ denied). The documents she has filed are neither a brief
nor a response to our notice. Thus, we dismiss this cause for want of prosecution. Tex. R. App.
P. 74(l)(1).
                                                                               PER CURIAM

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Dismissed for want of prosecution
Opinion delivered and filed December 13, 1995
Do not publish