**Bennett and Regina OKPALA,
Appellants,**

v.

**Shirley COLEMAN, Appellee.**

No. 14–96–00644–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 5, 1998.

Ken Okorie, Houston, for appellants.

Alice A. Bonner, Houston, for appellee.

Before LEE, ANDERSON and EDELMAN, JJ.

## OPINION

LEE, Justice.

This is an appeal from a default judgment in favor of Shirley Coleman ("Coleman"), appellee. We reverse and remand.

On August 22, 1995, landlord Coleman filed a forcible entry and detainer action against her tenants, Bennett and Regina Okpala ("the Okpalas"), asking for possession of certain premises occupied by the Okpalas in Houston. The suit was filed in the Justice Court, Precinct No. 5, Place 1 of Harris County, Texas. On September 12, 1995, the justice court found the parties had renewed their lease orally for one year and entered judgment for the Okpalas. Coleman did not appeal this ruling.

Approximately two months later, Coleman filed another forcible entry and detainer action in the same court asking for possession of the same premises. According to the Okpalas, the trial court, though reminded of its earlier judgment, granted judgment in favor of Coleman. The Okpalas appealed the justice court's decision to the County Court at Law No. 3, asking for a trial de novo. This time, Coleman asked for damages in addition to possession of the premises.

The trial was preferentially set for February 12, 1996. According to a letter sent by Coleman's attorney to the Okpala's attorney, the parties agreed to shorten the time for discovery from 30 days to 15 days because the time before trial was so short. During the discovery period, both Coleman and the Okpalas made and responded to discovery requests. The attorneys for both sides signed and filed a Joint Pre-trial Status Announcement with the court advising of their readiness to proceed to trial.

On January 25, 1996, Coleman filed a motion asking the court for a default judgment. On February 12, 1996, after the parties and

counsel announced ready for trial, the court granted a default judgment against the Okpalas for not filing a written answer pursuant to rules 751 and 753 of the Texas Rules of Civil Procedure. The court awarded Coleman possession of the premises and the $1800.00 appeal bond filed by the Okpalas. The Okpalas filed a motion for new trial, which was overruled, and then perfected this appeal.

In three points of error, the Okpalas argue the trial court erred in granting a default judgment. Specifically, the Okpalas claim the trial court could not grant a default judgment after they had appeared before the court, exchanged discovery requests and responses. Moreover, they argue Coleman waived her right to a default judgment by participating with the Okpalas in hearings and pre-trial discovery, and by filing joint pleadings with the court.

■ Rule 753 of the Texas Rules of Civil Procedure states that in a forcible entry and detainer action, the county court may grant a default judgment against the defendant if the defendant made no answer in writing in the justice court and if he did not file a written answer within eight days after the transcript is filed in the county court. Tex.R. Civ. P. 753. A trial court may not enter a default judgment when an answer is on file in either the justice court or the county court. *LeVada Hughes and Occupants v. Habitat Apartments*, 880 S.W.2d 5, 7 (Tex.App.—Dallas 1992, writ granted).

■ Generally courts are reluctant to uphold a default judgment where any response from the defendant is found in the record. *Id.* (citing *Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex.1992)). A responsive pleading must be liberally construed in the absence of special exceptions. *LeVada Hughes*, 880 S.W.2d at 7 (citing *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 186 (Tex.1977)). An answer, however, must contain sufficient information to place in issue the claims made the basis of the suit. *LeVada Hughes*, 880 S.W.2d at 7.

■ There is no dispute in this case that the Okpalas did not file a formal answer in either the justice court or in the county court. They contend, however, that their pre-trial appearances, participation in discovery, and filing of a joint pre-trial order and trial setting are responsive pleadings that should be construed as a written answer as a matter of law.

We have reviewed the documents filed in the county court by the Okpalas and find their discovery requests and responses met the test in *LeVada Hughes*. The discovery requests and responses contain sufficient information to place in issue the claims that are the basis of Coleman's forcible entry and detainer suit. For example, in their requests for admissions, they asked Coleman to admit or deny whether pursuant to the lease agreement, which existed before she bought the property, she continued to receive monthly rent from the Okpalas through April of 1995. They also requested that Coleman admit or deny that the handwritten alterations on certain correspondence represented changes to the terms of the lease. She was asked to admit or deny whether pursuant to the alleged new lease terms if she accepted monthly rent from May through July of 1995. Finally, Coleman was requested to admit or deny whether the lease agreement was extended for one year to April of 1996. These requests place in issue the claims that form the basis of the lawsuit.

Accordingly, we hold the Okpalas, while not filing a formal answer pursuant to rule 753, filed documents forming an answer sufficient to prevent the rendition of a default judgment. We reverse the trial court's judgment and remand the case for further proceedings.