# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### December 7, 2000 Session

## ROBERT PAUL WILSON, JR. v. MARTHA RUTH WILSON

**Appeal from the General Sessions Court for Blount County**
No. S-4587     William R. Brewer, Jr., Judge

**FILED APRIL 24, 2001**

**No. E2000-01181-COA-R3-CV**

---

### OPINION DENYING PETITION FOR REHEARING

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Father has filed a petition for rehearing pursuant to Tenn. R. App. P. 39. In his petition, Father contends that our opinion misconstrues the evidence and fails to follow controlling legal authority on the issues of subject matter jurisdiction and change of custody. Specifically, Father argues that this Court erred in determining that the "custody proceeding," which ultimately led to the trial court's order changing custody to Mother, "commenced" with the filing of Father's initial motion on August 26, 1997. Father further argues that the trial court's delay in entering a final judgment on his motion for more than two years constitutes a refusal of the trial court to exercise jurisdiction over the case and, in the words of the petition, "is nothing less than an attempt to circumvent the provisions of the PKPA." Father further contends that the trial court changed custody solely to punish him and that the evidence does not support a finding that a change of custody would be in the child's best interest. We disagree on all points, although we do not find it appropriate to further discuss the last point made by Father.

In arguing that the trial court lacked subject matter jurisdiction, Father takes issue with our characterization of Father's initial motion as one seeking a change of custody. He argues that the motion "merely seek[s] to revise the visitation schedule based upon geographic considerations brought about by his return to Georgia" and therefore cannot constitute the commencement of a child custody proceeding under the UCCJA. While we do not agree with Father's characterization of his motion, we find that his characterization, even if correct, does not alter our judgment in this case.

Under the Tennessee version of the UCCJA,[1] a Tennessee court had jurisdiction to make a "custody determination" if Tennessee "[i]s the home state of the child at the time of commencement of the proceeding." T.C.A. § 36-6-203(a)(1)(A). A "custody determination" is defined as "a court decision and court orders and instructions providing for the custody of the child, *including visitation rights.*" T.C.A. § 36-6-202(2). (Emphasis added). Therefore, a petition seeking to alter the visitation rights of a party is, by definition, a petition seeking a "custody determination" under the now-repealed UCCJA. It is undisputed that at the time Father filed his motion, Tennessee was the child's "home state." Father's motion, which he alleges was merely seeking a change in visitation, was therefore properly filed in Tennessee, which was the "home state" of the child "at the time of commencement of the proceeding." Thus, regardless of whether Father's motion is deemed one to change custody or one "merely seeking to revise the visitation schedule," Father's motion constituted the commencement of a "custody determination" matter, and the trial court properly exercised jurisdiction as the home state of the child.

We further find no merit in Father's contention that the trial court's delay in ruling on his motion constituted a "refusal" to assume jurisdiction and was an attempt to "circumvent the provisions of the PKPA." There is nothing in this record to suggest that the trial court ever "refused" to make a custody determination in this case, nor is there anything to suggest that the court was attempting to circumvent applicable law.

We further disagree with Father's contention that the trial court changed custody solely to punish Father and that the evidence does not support a finding that a change of custody would be in the child's best interest. These issues were fully briefed and argued by the parties and considered by us in our first opinion. There is no need to consider them further. *See* Tenn. R. App. P. 39(a) ("A rehearing will not be granted to permit reargument of matters fully argued.").

The petition for rehearing filed by Father is hereby denied. Costs associated with the petition are assessed against Robert Paul Wilson, Jr., and his surety.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[1] As we pointed out in our original opinion, the Tennessee version of the UCCJA was repealed effective June 14, 1999. However, it was in effect at all times material to this case.