IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 16, 2002

# FIRST UNION NATIONAL BANK OF TENNESSEE v. DONALD R. ABERCROMBIE, SR.

**Appeal from the Chancery Court for Williamson County**
**No. 27032     Russ Heldman, Judge**

---

**No. M2001-01379-COA-R3-CV - Filed October 2, 2003**

---

This appeal involves a dispute stemming from a defaulted note. The lender filed suit against the purported borrower in the Chancery Court for Williamson County asserting that he was liable for $57,778.20. The defendant moved to dismiss the complaint on the ground that he was not personally liable on the note because he was simply an officer of the corporation named as the borrower on the note and because he was not a guarantor of the corporation's debts. Thereafter, the lender moved for a default judgment, and the purported borrower then filed an answer denying liability on the note and a counterclaim against the lender for compensatory and punitive damages. The trial court granted the lender a default judgment for $57,778.20 without addressing the pending motion to dismiss or the answer and counterclaim. We have determined that the trial court erred by granting the default judgment and, accordingly, reverse the judgment and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Trippe S. Fried, Nashville, Tennessee, for the appellant, Donald R. Abercrombie, Sr.

David G. Mangum, Nashville, Tennessee, for the appellee, First Union National Bank of Tennessee, formerly known as Brentwood National Bank.

## OPINION

### I.

On October 22, 1998, Comprehensive Educational Consulting, Inc. borrowed $49,476.80 from First Union National Bank of Tennessee ("First Union"). Donald R. Abercrombie executed the note on behalf of Comprehensive Educational Consulting in his capacity as corporate secretary. The note was due on December 21, 1998 and was secured by the accounts receivable, inventory, furniture, fixtures, and equipment of the corporation.

Apparently Comprehensive Educational Consulting defaulted on the note. On May 8, 2000, First Union filed suit in the Chancery Court for Williamson County against Mr. Abercrombie personally, alleging that it had loaned him $49,476.80, that the loan was in default, and that the indebtedness was now $57,778.20. First Union attached to its complaint a copy of the October 22, 1998 note naming Comprehensive Educational Consulting as the borrower as evidence of Mr. Abercrombie's personal indebtedness.[1]

As far as the record shows, nothing happened for six months after First Union filed suit. Mr. Abercrombie did not respond to the complaint, and First Union did not seek a default judgment. Finally, on November 2, 2000, Mr. Abercrombie filed a Tenn. R. Civ. P. 12.2(6) motion, essentially pointing out that First Union had sued the wrong person because Comprehensive Educational Consulting was the maker of the note, not him. Over four months went by with no apparent action by either party.[2] On March 8, 2001, First Union filed a motion for default judgment.

Three days before the scheduled hearing on First Union's motion for default, Mr. Abercrombie filed an answer denying that he was personally liable on the Comprehensive Educational Consulting note. He asserted that he had been released from a personal guaranty he had once made for the corporation's debts,[3] and he also filed a counterclaim seeking actual and punitive damages against First Union.[4] Following a hearing on May 7, 2001, the trial court granted First Union's motion for default judgment and entered a $57,778.20 judgment against Mr. Abercrombie personally. The trial court did not attempt to address or dispose of Mr. Abercrombie's motion to dismiss, his answer, or his counterclaim. Rather than seeking to set aside the default judgment in accordance with Tenn. R. Civ. P. 55.02, Mr. Abercrombie perfected an appeal to this court.

## II.
### THE STANDARD OF REVIEW

This case has come to us in a somewhat unfamiliar procedural posture. Generally, appeals from the entry of a default judgment arrive in this court after the losing party has unsuccessfully sought to set aside the default judgment in the trial court in accordance with Tenn. R. Civ. P. 55.02. Thus, the appeal is actually from the order denying the motion to set aside the default judgment

---

[1] Because of the case's procedural posture, it is difficult to ascertain with any degree of certainty how Mr. Abercrombie could be personally liable on Comprehensive Educational Consulting's note. He clearly signed it as an officer of the corporation. Based on other papers filed in the trial court, we surmise that Mr. Abercrombie may at one time have given First Union his unconditional personal guaranty for the corporation's debts. Even so, it remains unclear why, if that had been the case, First Union was not suing him on his guaranty rather than as maker of the note.

[2] Mr. Abercrombie's motion states that it was "expected" to be heard on January 2, 2001. However, the record contains no indication that it was ever heard, let alone acted upon. The bank stated in a later motion that the motion "[had] not been prosecuted."

[3] The record does not contain a copy of this guaranty agreement.

[4] Mr. Abercrombie alleged that notwithstanding its release of his personal guaranty, First Union had frozen his individual accounts, seized funds from these accounts, and issued notices to his personal creditors that his accounts lacked sufficient funds to cover his checks. He asserted that these actions had caused him "extreme embarrassment and humiliation."

rather than from the default judgment itself. In this case, Mr. Abercrombie, for reasons that are not readily apparent, decided for forego the customary route of requesting the trial court to set aside the default judgment and instead perfected a Tenn. R. App. P. 3 appeal as of right.

Mr. Abercrombie's tactics raise two questions that Tennessee's courts have not heretofore faced: first, whether a party against whom a default judgment has been entered may pursue an appeal without first seeking to set the default judgment aside pursuant to Tenn. R. Civ. P. 55.02; and second, if the answer to the first question is "yes," what the proper standard of review is. Should the trial court's decision be reviewed using the familiar Tenn. R. App. P. 13(d) standards, or should the decision be reviewed using the standards normally associated with default judgments.

In order to answer these questions, we must consult, *inter alia* the Tennessee Rules of Civil Procedure. We should construe the Tennessee Rules of Civil Procedure liberally. *Nelson v. Simpson*, 826 S.W.2d at 485; *Tennessee Dep't of Human Servs. v. Barbee*, 689 S.W.2d 863, 867 (Tenn. 1985). After all, the policy underlying these rules is to assure the "just, speedy and inexpensive determination of every action," Tenn. R. Civ. P. 1, and Tennessee law strongly favors the resolution of all litigated disputes on their merits. *Freeman v. Marco Transp. Co.*, 27 S.W.3d 909, 912 (Tenn. 2000); *Tennessee Dep't of Human Servs. v. Barbee*, 689 S.W.2d at 866.

The answer to the first question depends on the substance of the default judgment. If the order granting the default judgment disposes of all the claims between all the parties,[5] and if it leaves nothing else for the trial court do to,[6] it is final for purposes of Tenn. R. App. P. 3. Other courts addressing this issue have held that default judgments disposing of all claims between all the parties are appealable as of right. *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 170-71 (2d Cir. 2001); *Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984); *Casuga v. Blanco*, 52 P.3d 298, 305 (Haw. Ct. App. 2002); 10A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2692, at 84 (3d ed. 1998). Here, the default judgment undertook to resolve all disputes between First Union and Mr. Abercrombie. It was, therefore, final and appealable as of right. Accordingly, Mr. Abercrombie could properly choose to appeal the case to this court rather than seeking relief from the trial court in accordance with Tenn. R. Civ. P. 55.02.

The answer to the second question, involving the proper standard of review, is dictated by Mr. Abercrombie's decision not to seek to set aside the default judgment in the trial court. Generally, appellate courts review trial court decisions denying Tenn. R. Civ. P. 55.02 motions to set aside default judgments using the "abuse of discretion" standard. *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000); *Shahrdar v. Global Hous., Inc.*, 983 S.W.2d 230, 237 (Tenn. Ct. App. 1998). In this case, however, no Tenn. R. Civ. P. 55.02 motion was filed. In such cases, the default judgment is instead reviewed only for fundamental errors apparent on the face of the record. *See Nickas v. Capadalis*, 954 S.W.2d 735, 739 (Tenn. Ct. App. 1997). In conducting this review, we should also consider (1) the willfulness of the default, (2) whether there is a meritorious

---

[5]*Aetna Cas. & Sur. Co. v. Miller*, 491 S.W.2d 85, 86 (Tenn. 1973); *Wilson v. Wilson*, 58 S.W.3d 718, 725 (Tenn. Ct. App. 2001).

[6]*Hoalcraft v. Smithson*, 19 S.W.3d 822, 827 (Tenn. Ct. App. 1999); *Vineyard v. Vineyard*, 26 Tenn. App. 232, 241, 170 S.W.2d 917, 919-20 (1942).

defense, and (3) the level of prejudice to the non-defaulting party if the default is set aside. *See Patterson v. Rockwell Int'l*, 665 S.W.2d 96, 100 (Tenn. 1984) (meritorious defense); *Nelson v. Simpson*, 826 S.W.2d 483, 486 (Tenn. Ct. App. 1991) (wilfulness of default and prejudice to non-defaulting party).

### III.
### THE DEFAULT JUDGMENT

A default judgment, while a necessary part of a trial court's repertoire, is a big stick that should not be wielded haphazardly. Default judgments should be granted only when a defendant (1) makes no appearance in the case, in spite of being properly served, *e.g., Patterson v. Rockwell Int'l*, 665 S.W.2d at 100, (2) appears, but fails to respond to the complaint, *e.g., Walker v. Baker*, 738 S.W.2d 194, 195-96 (Tenn. Ct. App. 1987), or (3) disobeys a pretrial order directing defendant to comply with some procedural requirement, *e.g.*, *Potts v. Mayforth*, 59 S.W.3d 167, 171 (Tenn. Ct. App. 2001); Tenn. R. Civ. P. 16.06, 37.02(c). This case most closely resembles the second situation where defendant makes an appearance in the case but fails to respond in any way to the complaint. As noted above, Mr. Abercrombie did appear in the action, though belatedly. There is nothing in the record before us that suggests the default order was entered against Mr. Abercrombie as a consequence of his failure to comply with a pretrial procedural order issued by the trial court.

When considering whether a defendant has responded or pleaded to a complaint, the courts will examine all the defendant's filings. *Okpala v. Coleman*, 964 S.W.2d 698, 700 (Tex. App. 1998). The Tennessee Rules of Civil Procedure do not require parties to file an answer to the complaint right out of the starting gate. Where appropriate, a defendant may, in lieu of filing an answer, file a Tenn. R. Civ. P. 12.02 motion to dismiss. Other courts have held that a defendant who files a motion to dismiss is "otherwise defend[ing]" as provided by the rules for the purposes of forestalling a default judgment. *Whayne v. Kansas*, 980 F. Supp. 387, 391 (D. Kan. 1997); *Wickstrom v. Ebert*, 101 F.R.D. 26, 32-33 (E.D. Wis. 1984); *Tapp v. Fowler*, 724 S.W.2d 176, 177-79 (Ark. 1987); *Affordable Homes, Inc. v. McKinney-Green, Inc.*, 509 So.2d 407, 407 (Fla. Dist. Ct. App. 1987); *Morton-Finney v. Gilbert*, 646 N.E.2d 1387, 1388 (Ind. Ct. App. 1995); *Filler v. Bragg*, 559 N.W.2d 225, 229 (N.D. 1997); *Morrow County Sch. Dist. v. Oregon Land & Water Co.*, 716 P.2d 766, 769-70 (Or. Ct. App. 1986); *First S.W. Fin. Servs. v. Laird*, 882 P.2d 1211, 1214 (Wyo. 1994); *cf. Creed v. Valentine*, 967 S.W.2d 325, 327 (Tenn. Ct. App. 1997) (holding motion for summary judgment filed before answer precludes entry of default judgment).

By the time the trial court considered First Union's motion for default, Mr. Abercrombie's Tenn R. Civ. P. 12.02(6) motion to dismiss had been on file for six months. By filing that motion, Mr. Abercrombie had entered an initial defense against First Union's suit. It is old learning that, "Not only a plea or answer, but also a demurrer, or its equivalent . . . is ordinarily sufficient to prevent the entry of default or a default judgment, until it has been appropriately disposed of by the court." 3 A. C. FREEMAN, A TREATISE OF THE LAW OF JUDGMENTS § 1271, at 2643 (Edward W. Tuttle, ed., rev. 5th ed. 1925); HENRY R. GIBSON, A TREATISE ON SUITS IN CHANCERY § 205, at 180 (2d ed. 1907) (stating bill in equity not to be taken as confessed so long as defendant has put in "a demurrer, plea, or answer" that has not been "adjudged insufficient"). Today's rules expressly speak of preliminary motions challenging the sufficiency of complaints as "present[ing] . . . defenses" to

the complaint. Tenn. R. Civ. P. 12. Thus, filing a Tenn. R. Civ. P. 12.08 motion is a way of defending.

If a trial court denies a defendant's Tenn. R. Civ. P. 12 motion to dismiss, the defendant must file another motion or a responsive pleading. If the defendant does not, the plaintiff may seek and obtain a default judgment. When the defendant has filed a Tenn. R. Civ. P. 12 motion but it has not yet been acted upon, the party seeking a default judgment should request that the trial court address the pending motion before addressing the motion for default judgment. 9 CORA M. THOMPSON, CYCLOPEDIA OF FEDERAL PROCEDURE § 30.02, at 189 (3d ed. 1993). In this case, neither First Union nor the court acted to resolve Mr. Abercrombie's motion to dismiss before surging ahead to default judgment. That was a significant procedural error that provides sufficient basis for vacating the default judgment in this case.

Although we could end our decision here, we note that in addition to his Tenn. R. Civ. P. 12.02(6) motion, Mr. Abercrombie had filed an answer and counterclaim by the time the trial court granted First Union's motion for default. As far as we can tell, the trial court completely disregarded this pleading. First Union, relying heavily on *State ex rel. Jones v. Looper*, 86 S.W.3d at 189, insists that the trial court acted correctly. We disagree.

Our decision in *Looper* is distinguishable from this case in two material ways. First, *Looper* involved a statutorily expedited ouster proceeding that required defendants to file answers within twenty days after the filing of the complaint. Tenn. Code Ann. § 8-47-114 (2002). Second, the defendant in *Looper* did not respond in any way to the ouster complaint until literally ten minutes before the hearing. As we noted, the defendant's tardy responses "were served on opposing counsel moments before and actually during the hearing." *State ex rel. Jones v. Looper*, 86 S.W.3d at 192.

In this case, Mr. Abercrombie appeared in First Union's suit and moved to dismiss it. The trial court did not act on Mr. Abercrombie's motion, so First Union tried to push the case along by seeking a default. Perhaps out of an overabundance of caution Mr. Abercrombie filed an answer. Mr. Abercrombie could have relied on his pending Tenn. R. Civ. P. 12 motion to defeat the default judgment. This is not a case like *Looper*, where the defendant did nothing but file a formal appearance until the very moment things came to their ultimate head. If anything, it more closely resembles a case in which we upheld a trial court's denial of a default judgment when the defendant filed its answer only after the plaintiff moved for a default judgment. *Johnson v. Wade*, No. W1999-01651-COA-R3-CV, 2000 WL 1285331, at *1-2 (Tenn. Ct. App. Sept. 6, 2000) (No Tenn. R. App. P. 11 application filed).

In summary, we have concluded that Mr. Abercrombie did not wilfully default because he had filed a motion to dismiss that was still pending when First Union filed its motion for default judgment. In addition, both Mr. Abercrombie's motion and his answer and counterclaim demonstrate that he has a meritorious defense to First Union's suit on the note appended to its complaint. Finally, First Union will not be materially prejudiced by setting aside this default judgment. Accordingly, we find that the trial court erred by granting a default judgment against Mr. Abercrombie.

**IV.**

The order granting the default judgment is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion. The costs of this appeal are taxed against First Union National Bank of Tennessee for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., J.