Opinion filed August 15, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00230-CV

_____

## MICHAEL HALLER, TONY KISHINDO, AND HHT LIMITED COMPANY, Appellants

## V.

## CLAVO OIL, LLC, Appellee

**On Appeal from the 259th District Court**

**Shackelford County, Texas**

**Trial Court Cause No. 2011-035**

### M E M O R A N D U M   O P I N I O N

The trial court granted a default judgment in favor of Clavo Oil, LLC and against Michael Haller, Tony Kishindo, and HHT Limited Company in the amount of $34,734.59. We reverse and remand.

Haller, Kishindo, and HHT (Appellants) present three issues on appeal. Because we find the first issue to be dispositive of this appeal, we do not reach the

second and third issues. *See* TEX. R. APP. P. 47.1. In the first issue, Appellants urge that their rights to due process were violated when the trial court entered a default judgment against them without notice of the hearing. We agree.

*Procedural History*

On April 5, 2011, Clavo Oil filed its original petition for breach of contract and conversion. Appellants were duly served with a citation on April 13, 2011. Appellants filed a motion to transfer venue on April 21, 2011. On June 16, 2011, the trial court entered a default judgment against Appellants. The default judgment reflects that Appellants "failed to appear and answer and wholly made default."

*Analysis*

In their first issue, Appellants assert, as they did in their motion for new trial, that they received no notice of the hearing on the default judgment. There is nothing in the record to indicate that Appellants received notice of any hearing or that Appellants were sent any such notice. Furthermore, Clavo Oil does not assert that Appellants were notified of the hearing.

A defendant is not entitled to notice of a default judgment proceeding until he answers or appears in a case. *Wilson v. Wilson*, 132 S.W.3d 533, 536 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). However, "Texas courts have always been reluctant to uphold a default judgment without notice where some response from the defendant is found in the record." *Santex Roofing & Sheet Metal, Inc. v. Venture Steel, Inc.*, 737 S.W.2d 55, 56 (Tex. App.—San Antonio 1987, no writ). The rule is founded upon due process principles. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80 (1988); *In re Brilliant*, 86 S.W.3d 680, 692–93 (Tex. App.—El Paso 2002, no pet.). A motion to transfer venue is a dilatory plea, after the filing of which a defendant is entitled to notice of subsequent proceedings. *See* TEX. R. CIV. P. 85. Therefore, we hold that Appellants' motion

to transfer venue was an appearance in this case and that they were entitled to notice of the hearing on the motion for default judgment.

Because Appellants were entitled to notice of the default judgment hearing, and because there is no indication in the record that Appellants received that notice, Appellants' first issue is sustained.

We reverse the judgment of the trial court, and we remand the cause for further proceedings in that court.


MIKE WILLSON

JUSTICE


August 15, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.