

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00051-CV

———————————————

DINA S. KASWATUKA, Appellant

V.

STONERIDGE HOMEOWNERS' ASSOCIATION, Appellee

---

On Appeal from County Court at Law No. 3
Tarrant County, Texas
Trial Court No. 2023-004499-3

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellee Stoneridge Homeowners' Association (the HOA) nonsuited its claims against pro se Appellant Dina S. Kaswatuka and filed a no-evidence motion for summary judgment on her counterclaims. The trial court granted the motion and entered a take-nothing judgment.

On appeal, although Kaswatuka's brief does not identify any specific issues and contains no citations to the record or to applicable legal authority, *cf.* Tex. R. App. P. 38.1(f)–(g), (i),[1] she appears to complain (as she did in her filings in the trial court) that she should have been granted a no-answer default judgment because the HOA did not answer her counterclaims and because she had submitted sufficient evidence to support a no-answer default judgment in her favor.

Kaswatuka does not specifically complain that the trial court erred by granting the HOA's no-evidence motion for summary judgment but rather that both the HOA and the trial court discriminated against her. She did not direct the trial court to any evidence in the record to defeat the HOA's no-evidence motion, *cf.* Tex. R. Civ. P.

---

[1]After Kaswatuka filed her appellant's brief, this court advised her of the brief's deficiencies, referring her to Rules of Appellate Procedure 9.4(i) and 38.1(a)–(i), (k) and Local Rule 1; gave her ten days to file a corrected brief; and warned her that failure to amend the brief to comply with these rules could result in the striking of her brief and dismissal of her appeal or the waiver of noncomplying points. Although Kaswatuka filed an amended brief, she did not remedy most of these deficiencies.

166a(i),[2] and she has likewise failed to do so on appeal.[3] Instead, her filings in the trial court and in this court focus primarily on the trial court's failure to grant her a default judgment.

---

[2]Under Rule of Civil Procedure 166a(i), the trial court "must grant the [no-evidence] motion unless the respondent produces summary[-]judgment evidence raising a genuine issue of material fact." Tex. R. Civ. P. 166a(i); *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 259 (Tex. 2020) (explaining that a Rule 166a(i) nonmovant has the burden to produce summary-judgment evidence raising a genuine issue of material fact and that the trial court must grant the no-evidence motion if the nonmovant fails to carry that burden). The nonmovant's response "need only point out evidence that raises a fact issue on the challenged elements." Tex. R. Civ. P. 166a(i) cmt.

Instead of filing a response to the HOA's no-evidence motion with evidence to raise a genuine issue of material fact, *cf.* Tex. R. Civ. P. 166a(i), Kaswatuka filed a document entitled, "MOTION For SUMMARY JUDGEMENT UNDER DEFAULT JUDEMENT BECAUSE plaintiff was served and did not file an answer by the deadline"; she attached no evidence to this document. Kaswatuka also filed an unverified "ORDER OF DEFENDANT OPPOSITION OF PLAINTIFF MOTION FOR NO EVIDENCE SUMMARY," in which she again complained that the HOA had never answered her counterclaims and that she had "submitted enough evidence to the court to support [her] evidence." The record reflects that Kaswatuka filed a variety of documents (unsupported by affidavit) before the HOA filed its no-evidence motion. However, she did not attach any evidence to her "opposition" filing or specifically refer the court to any of the unsworn documents she had previously filed. *Cf.* Tex. R. Civ. P. 166a(d), (f) (setting out requirements for summary-judgment evidence).

[3]Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules. *See Barcroft v. Walton*, No. 02-16-00110-CV, 2017 WL 3910911, at *5 (Tex. App.—Fort Worth Sept. 7, 2017, no pet.) (mem. op.). While we must liberally construe issues presented "to obtain a just, fair, and equitable adjudication of the rights of the litigants," *Perry v. Cohen*, 272 S.W.3d 585, 587–88 (Tex. 2008), we may not make a party's arguments for her. *See Bolling v. Farmers Branch ISD*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.) (explaining that the court is not responsible for identifying error, searching the record for favorable facts, or

3

Kaswatuka was not entitled to a no-answer default judgment on her counterclaims because by the time she filed her first motion for no-answer default judgment on her counterclaims, the HOA had already appeared in the lawsuit (as the plaintiff) and was deemed to have pleaded a general denial to her counterclaims. *Compare* Tex. R. Civ. P. 92 (stating that when a counterclaim "is served upon a party who has made an appearance in the action, the party so served, in the absence of a responsive pleading, shall be deemed to have pleaded a general denial of the counterclaim"), *Kadyebo v. Chako*, No. 2-04-306-CV, 2006 WL 133508, at *2 (Tex. App.—Fort Worth Jan. 19, 2006, no pet.) (mem. op.) (stating that under Rule 92, the plaintiff "was not required to file an answer to [the defendant's] counterclaim, and [the defendant] was not entitled to a default judgment . . . on this basis"), *and Tex. Sting, Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, 650 n.7 (Tex. App.—San Antonio 2002, pet. denied) (explaining that the case was a post-answer default judgment because the plaintiff was deemed to have pleaded a general denial to the defendant's counterclaim under Rule 92), *with* Tex. R. Civ. P. 239 (stating general default-judgment rule based on failure to answer). *See generally Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183–84 & n.8 (Tex. 2012) (explaining distinctions among no-answer, post-answer, and other types of default judgments). That is, under Rule 92, the HOA had

conducting legal research, even for a pro se party, because doing so would require the court to abandon its role as arbiter and to become an advocate).

already effectively—if implicitly—answered Kaswatuka's counterclaims, *see* Tex. R. Civ. P. 92, making a no-answer default unavailable to her.[4]

Because the trial court did not err by denying Kaswatuka a no-answer default judgment and because she has failed to challenge any of the HOA's summary-judgment grounds in the trial court or on appeal, we overrule the sole issue we have been able to identify, and we overrule for inadequate briefing any remaining issues that we have been unable to identify. *See* Tex. R. App. P. 38.1(i). We affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: August 8, 2024

---

[4]The HOA also expressly addressed Kaswatuka's counterclaims in its untimely Rule 91a motion, its no-evidence motion for summary judgment, and its special exceptions to her counterclaims. *See Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex. 1992) (quoting *Santex Roofing Sheet Metal, Inc. v. Venture Steel, Inc.*, 737 S.W.2d 55, 56–57 (Tex. App.—San Antonio 1987, no writ), for the proposition that "Texas courts have always been reluctant to uphold a [no-answer] default judgment . . . where some response from the defendant is found in the record").